### J. B. Ketterson et al. v. R. D. Inscho.

#### Decided April 7, 1909.

**1.—Contract—Escrow—Accrual of Liability.**

When an instrument in writing is delivered in escrow to be held until a certain event happens or certain contingencies are complied with, the liability of the maker commences as soon as the event happens or the conditions are fulfilled, even though there be no actual delivery of the instrument by the depositary to the promisee.

**2.—Same—Failure of Consideration.**

I. and S. were joint owners of certain personal property and agreed to sell the same to an oil company; K., a stockholder in said company, agreed to execute a note with an endorser satisfactory to I. in payment of his half interest, and the oil company agreed to pay S. cash for his half interest; I. and S. executed a bill of sale to the property and delivered it in escrow with the understanding, as between I. and K., that the bill of sale should be delivered to the vendee as soon as the note was accepted by I.; a satisfactory note was executed by K. and accepted by I., but by an arrangement between S. and the oil company the bill of sale was still held in escrow until the company paid S. his half of the consideration; the oil company failed to pay S. and the bill of sale was never delivered. In a suit upon the note by I. against K. and his endorser, held, that the fact that the bill of sale was never delivered to the

oil company was no defense. It took effect as to I.'s interest in the property immediately upon the acceptance by him of the note stipulated for.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*Byers & Byers,* for appellant Ketterson.

*Charles A. Warnken,* for appellant Heaton.

*C. C. Clamp, W. H. Ward* and *Seth S. Searcy,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee on August 23, 1906, against appellants to recover a balance of $300, with interest and attorney's fees, due on a promissory note for $500, made by the latter to the former June 16, 1905, and payable six months after date.

The defendant Ketterson answered by a general denial, a plea of failure of consideration, and of accord and satisfaction. Heaton, in addition to the matters pleaded by his codefendant, pleaded that he was an accommodation endorser, and that plaintiff, knowing such fact, had failed to fix his liability by instituting suit against the principal within the time prescribed by statute. He then, by way of a cross-action against Ketterson, pleaded that the payments on the note had been made by him for Ketterson as such endorser, and prayed judgment against him for the amounts so paid and which might be recovered against him in this action as an endorser on the note. By supplemental petitions the plaintiff denied all the matters specially pleaded by the defendants, except the allegation of Heaton that his relation to the note was that of an endorser, which was admitted. And, in replication to that part of Heaton's answer which pleads plaintiff's failure to sue in time to fix his liability, he pleaded the latter's waiver. The defendant Ketterson, in reply to his codefendant's cross-action for the recovery over against him of the $200 paid by the latter on the note, averred that such payment was not obligatory on Heaton as an endorser, but was voluntary, and that therefore he (Ketterson) is not liable to him therefor.

The trial of the case resulted in a verdict and judgment in favor of plaintiff against defendants for the amount due on the note; and a judgment in favor of Heaton on his cross-action over against Ketterson as prayed for. Both defendants have appealed from the judgment in plaintiff's favor against them, and have assigned errors. No error as to the judgment in favor of Heaton against Ketterson appears from the latter's brief to be insisted on.

The note sued on was executed by Ketterson as principal in pursuance of a written agreement executed by him and the plaintiff alone on June 16, 1905, which, omitting its caption and the signatures of the parties, is as follows:

"This agreement between R. D. Inscho and Jno. B. Ketterson bears witness: Said Inscho agrees for the consideration hereinafter mentioned to sell, convey and deliver unto the David Crockett Oil

Company certain articles, machinery and tools mentioned and described in a bill of sale of even date herewith from R. D. Inscho and H. S. Stevens to David Crockett Oil Company and which said bill of sale has not been delivered.

"Said Ketterson agrees, in consideration of said sale and conveyance, to pay to the said Inscho for his portion of said property the sum of $50 cash, the receipt of which is hereby acknowledged, and to execute and deliver to said Inscho his promissory note of even date with this instrument for the sum of $550, payable six months after its date at Houston, Texas, bearing eight percent interest from date until paid and providing for ten percent additional on the amount of principal and interest then owing as attorney's fees if said note is placed in the hands of an attorney for collection or is sued upon, and further to procure an endorser on said note who shall be satisfactory and agreeable to said Inscho. Upon said Ketterson procuring said endorser to the satisfaction of said Inscho, said bill of sale shall be delivered to said Ketterson and the note delivered to said Inscho. It is expressly agreed and understood between said parties that in case said Ketterson shall fail to procure such satisfactory endorser on or before the 5th day of July, 1905, then and in that event said amount of $50 already paid shall be forfeited by said Ketterson to said Inscho as liquidated damages and no title or interest in said property shall pass to said company in the interest of said Inscho therein."

The bill of sale stipulated for and described in this agreement was executed on the same day by Inscho and Stevens; and, according to the arrangement of the parties, placed with the note in escrow in the hands of W. H. Davidson, to be delivered to the grantee, in so far as Inscho was concerned or affected by it, upon Ketterson's procuring an endorser of the note to the satisfaction of Inscho as stipulated in the agreement. He did procure Heaton as an endorser, who, being satisfactory to Inscho, the note was then delivered to him (Inscho) by Davidson, with whom it had been placed in escrow to be delivered upon such condition. It seems, however, that the bill of sale to the property was still held in escrow, not for the performance of any agreement or condition as between Ketterson and plaintiff, but under another agreement between the David Crockett Oil Company and Stevens, who owned the other half interest in the property, that it should be so held by Davidson until the company paid Stevens according to agreement for his half interest, which it failed to do.

Under these facts, which are undisputed, there can be no doubt as to the liability of defendants upon the note in the respective capacities in which they executed it, unless the plaintiff is precluded from recovering by some act or omission on his part occurring after the note was delivered to him.

When a note is delivered in escrow, to be held until a certain event happens or certain conditions are complied with, the liability of the maker and endorser commences as soon as the event happens or the conditions are fulfilled, even though there be no actual delivery by the depositary to the promisee. (Daniel Neg. Inst., secs. 68, 586.) The same principle applies to a deed, bill of sale or any other in-

strument placed in escrow. Just as soon as Ketterson procured Heaton as an endorser satisfactory to Inscho, the bill of sale to the latter's half interest in the property became effective and vested title thereto absolutely and irrevocably in the David Crockett Oil Company. And the maker and endorser of the note became liable thereon to Inscho according to the tenor and effect of the instrument. It was not plaintiff's fault that the bill of sale remained in escrow, but it was the fault of the Oil Company in not paying Stevens for his half interest in the property as it had agreed with him to do as a condition precedent to its being delivered to the company by the depositary. This was an agreement which plaintiff was not a party to, and by which he could be in no way affected. It would be a monstrous doctrine to deprive a party who has fully performed his part of a contract of his rights under it because a party to another and different contract has not performed his contract. Reduced to its logical sequence, according to defendant's theory, Inscho, though he had sold his half interest in the property in consideration of which the note sued on was given, would be compelled to pay the consideration to Stevens which the Oil Company had agreed to pay him for his half, so the bill of sale held in escrow could be delivered the company, before he could recover upon the note given in consideration for the conveyance by him of his own half. Thus, the theory is brought to a *reductio ad absurdum*.

It clearly appears from the letters written by Heaton to Inscho on January 26, 1906, and July 15, 1906, that the former waived the latter's failure to fix his (Heaton's) liability as endorser by suit as is provided by article 304, Revised Statutes of 1895.

The right of the plaintiff to maintain his action against Ketterson as principal on the note was not affected by plaintiff's making a bill of sale to the property for which the note was given, after its maturity, to Heaton at the latter's solicitation; for at that time plaintiff had no title whatever in the property to convey; and, besides, the pretended conveyance was wholly without consideration.

If there be any error in the court's charge it arises from its being too favorable to the appellants. All special charges asked by defendants, on the refusal of which errors are assigned, were properly refused.

We have considered all the assignments of error and have concluded none of them requires a reversal of the judgment. It is, therefore, affirmed.

*Affirmed.*