SYKES et al. v. FISCHL. (No. 7686.)

(Court of Civil Appeals of Texas. Galveston. April 16, 1919. Rehearing Denied May 8, 1919.)

1. PLEADING ⬦248(3) — AMENDMENT — NEW CAUSE OF ACTION—CHANGE OF VENUE.

Where original petition was amended only to the extent of changes due to a different stage having been reached in the progress of negotiations for exchange of properties, *held,* that different causes were not stated, and court did not err in overruling defendants' plea asking a transfer of cause to the county to which they had moved between the time of filing of original and amended petitions.

2. APPEAL AND ERROR ⬦843(4)—REVIEW—MATTERS NOT ESSENTIAL TO DISPOSITION OF CASE.

Since defendants' plea of privilege cannot be sustained, it is unnecessary to consider whether it was waived.

3. ESCROWS ⬦12—TIME WHEN INSTRUMENT TAKES EFFECT.

A deed placed in escrow to be delivered on compliance with specified conditions becomes effective on the fulfillment of the conditions, though there is no actual delivery.

4. ESCROWS ⬦13 — DELIVERY — RELATION BACK.

Where delivery is to a third person in escrow for delivery to grantee upon compliance with specified conditions, a delivery as directed relates back so as to divest the title of the grantor from the first delivery.

5. INJUNCTION ⬦194—EXTENT OF RELIEF—TITLE AND POSSESSION OF LAND.

In suit to restrain defendant from interfering with plaintiff's use and possession of property received from defendants in exchange for her own, where defendants disputed plaintiff's title and sought to recover it for themselves, it was not improper for the court to render judgment against defendants for title and possession.

6. INJUNCTION ⬦194—RELIEF—RESTRAINING SUIT AT LAW.

Where defendants threatened to forcibly re-enter and take possession of property deeded to plaintiff in exchange · for plaintiff's property, and rescind trade for sole reason that they were unsatisfied with their bargain, after having lived upon plaintiff's property for 11 months, it was a proper exercise of the court's power in suit to restrain such acts to enjoin the institution of further suits by defendants.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Suit by Mrs. Mollie Fischl against Frank Sykes and others. Judgment for plaintiff, and defendants appeal. Affirmed.

W. A. Barlow, of Taylor, for appellants.

C. G. Krueger, of Bellville, and Mathis, Teague & Mathis, of Brenham, for appellee.

GRAVES, J. On August 24, 1915, the parties to this litigation executed, each to the other, separate 30-day option contracts for the exchange between them of their respective properties located in the towns of Sealy and Taylor, Tex. Appellants, who were defendants below and owned the Taylor property, agreed to give a difference of $3,000 between it and that at Sealy owned by the appellee, who was plaintiff, to be represented by their notes in that amount secured by a vendor's lien on the Sealy property.

What are deemed the material further developments of this transaction are thus stated in the trial court's findings of fact:

"(5) I find that on the 4th day of September, 1915, the defendants abandoned the above option and entered a new contract, and made, executed, and acknowledged a deed conveying the Taylor property to plaintiff.

"(6) I find that on the 4th day of September, 1915, that plaintiff abandoned the above option and entered into a new contract—made, executed, and acknowledged a deed conveying the Sealy property to defendants.

"(7) I find that the consideration moving for these deeds was the exchange of the properties described. The defendants promised to pay the plaintiff $3,000 difference, for which they executed their notes, secured by a vendor's lien on the Sealy property.

"(8) I find that upon the making of said deeds they were delivered to C. C. Glenn, of Sealy, Austin county, Tex., under and by virtue of an agreement by the parties that said deeds should be delivered by the said Glenn to the respective grantees therein at such time and when title to said property should be passed upon and found to be good.

"(9) I find that the titles to said respective properties were ascertained and found to be

good; that such ascertainment and findings were accomplished within a reasonable time after the execution of said deeds; and that the delivery of the deed by C. C. Glenn to plaintiff was in accordance with the agreement under which the same was delivered to him to be delivered to plaintiff.

"(10) I find that the title to the Sealy property was ascertained, found to be good, and defendants apprised thereof prior to any effort on their part and prior to any expressed intention on their part to rescind or withdraw from the trade hereinabove specified.

"(11) I further find that the defendants employed W. A. Barlow, an attorney of Williamson county, Tex., to pass on the title of the Sealy property; that the plaintiff furnished an abstract of title to the said Barlow; and that said attorney, on the ―― day of November, 1915, wrote an opinion and addressed it to the defendant Frank Sykes and mailed a copy thereof to C. C. Glenn, attorney for Mrs. Mollie Fischl, plaintiff herein, in which opinion he said there were three objections to the title of said property, specifying same, and that when the said three objections were met that in his opinion the title to said property would be in the plaintiff, Mrs. Mollie Fischl, and a deed from her properly drawn and properly executed would vest a fee-simple title in the party to whom the deed was made.

"(12) I find that said objections as outlined by Mr. Barlow were met, and that thereafter Mr. Barlow forwarded the abstract of title to the Sealy property to the said C. C. Glenn without further comment or objection, and that the said Glenn delivered to the plaintiff herein the deed from the defendants to the Taylor property and offered the deed from Mrs. Mollie Fischl to the Sealy property to the defendants herein, who refused same; that up to the time of the delivery and offer of delivery of the respective deeds to the respective parties no objection had been made to the said C. C. Glenn as to the defendants desiring to rescind the trade.

"(13) I find that the defendants removed from the Taylor property in August, 1915, to the Sealy property, and went into possession of the Sealy property and used, occupied, and claimed the same as their home for 11 months; that the defendant Frank Sykes caused a large sign to be erected on the Sealy property as follows: 'Sykes Hotel;' that the said Sykes became a citizen of Austin county, and paid his poll tax and voted in Austin county, Tex.; that possession of the Taylor property was delivered to plaintiff at the time of the removal of the defendants therefrom; and that the defendants recognized and treated the Taylor property as the property of plaintiff, as shown by the correspondence introduced in evidence.

"(14) I find that defendants were not prompted in their desire and effort to rescind said trade by any dissatisfaction with the title thereto, but, after having lived upon the Sealy property for 11 months, they became dissatisfied with their bargain, and for that reason alone attempted to rescind the trade.

"(15) I find that the defendants threatened to forcibly re-enter said Taylor property, take possession thereof from plaintiff, and that they would have done so but for the restraining order of this court enjoining them from so doing."

Mrs. Fischl originally filed this suit in July, 1916, in the district court of Austin county, where all the parties then resided, and obtained from the judge of that court, sitting in chambers, an order restraining Sykes and wife from interfering with her use and possession of the Taylor property, and appointing a receiver to take charge of the Sealy property during the pendency of the suit.

Upon final trial before the court without a jury, amended pleadings having been filed by both parties, judgment was entered in plaintiff's favor against the defendants for title and possession of the Taylor property, perpetually enjoining them from either interfering with her possession and control thereof, or from bringing or causing to be brought in any of the courts of the state any suit for the recovery of, or which might either affect or cast a cloud upon plaintiff's title to, the Taylor property, and establishing and continuing in force the vendor's lien specified in the deed to the Sealy property from her to them, referred to in the above-quoted seventh finding. From such judgment Sykes and wife appeal.

[1] Their first contention is that the trial court erred in not sustaining their plea of privilege asking the transfer of the cause to Williamson county, where they lived at the time it was filed. The theory underlying the interposition of this plea was that plaintiff, in her amended petition, filed after their removal from Austin county to Williamson, had sued them upon a different cause of action from that declared upon in her original petition, which entitled them to be sued thereon in the latter county. After a careful comparison of the two petitions, we are unable to agree that different causes of action are stated, but think that essentially one and the same is declared upon in both. It is true that a different stage had been reached in the progress of the transaction between the contending parties at the time the amended pleading was filed, in that, among other changes, as the court finds, the option contracts had meanwhile been abandoned, and new ones evidenced by the mutually exchanged deeds of September 4th had superseded, title had been approved, and the purchasers had severally taken possession of their newly acquired properties; but, modified only to the extent of these ad interim changes, the original agreement for the exchange of their different places upon the same terms and conditions as the final judgment reflected, together with the rights arising therefrom, and nothing else, were substantially embodied in each petition.

[2] Since, under this view, the plea of privilege could in no event have been good, it is obviously unnecessary to consider whether

or not it was waived through failure of appellants to sooner or differently place themselves in position to complain of the order overruling it.

Through a number of additional assignments attack is made upon the above-copied fact findings as being unsupported by proof, and in some instances by pleading as well. In response to them, the statement of facts has been carefully examined, with the result that each and all of the findings is considered to be so clearly justified as to make it unnecessary to here repeat or reiterate the evidence upon which they are based. The several findings quoted are accordingly adopted by this court, with correction of an inaccuracy of statement in the fifth and sixth, which should recite that the option contracts were merged into and carried out through the new ones rather than that they were abandoned.

[3-5] The judgment is further assailed as being unsupported by the pleadings and proof in several different particulars, but under the case as made we conclude that no error in this respect is shown. It is well settled that a deed placed in escrow to be delivered on compliance with specified conditions becomes effective on the fulfillment of the conditions, though there is no actual delivery; likewise, where delivery is to a third person in escrow for delivery to the grantee upon compliance with specified conditions, a delivery as directed relates back so as to divest the title of the grantor from the first delivery. Accordingly, inasmuch as appellants here disputed the appellee's title and sought to recover it themselves, it was not improper for the court to render judgment against them for title and possession, and also to adjudge that all of their right, title, and interest be divested out of them. Ketterson v. Inscho, 55 Tex. Civ. App. 150, 118 S. W. 626; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

[6] Neither was its injunction against the institution of further suits, under the facts here pleaded and proved, beyond the proper exercise of the court's power. In the case of Simpson v. McGuirk, 194 S. W. 979, it is said:

"The use of injunctions to stay actions at law was almost coeval with the establishment of the chancery jurisdiction. Without this means of interference to protect the rights of its suitors, the court of chancery could never have established, extended, and enforced its own jurisdiction."

Continuing, the court says:

"It is also a well-settled rule that a court of equity may take cognizance of a controversy, determine the rights of all the parties, and grant the relief requested to meet the ends of justice in order to prevent a multiplicity of suits. 1 Pomeroy's Equity Jurisprudence, § 243 et seq. Under the foregoing provisions of our statute and well-established principles of equity, the district courts of this state, it occurs to us, have power to grant injunctions restraining any party or parties from entering into a combination and a conspiracy to harass and annoy a citizen in the possession of his property, and especially when that property is the homestead of himself and family, and to prevent them from filing a multiplicity of suits against him for the purpose of harassing and annoying him, and also to enjoin a party or parties from doing anything to interfere with his possession and enjoyment of the premises when the facts in the petition make it appear that such interference will do him irreparable injury."

See, also, Railway Co. v. Dowe, 70 Tex. 1, 6 S. W. 790; 22 Cyc. 790 and 810.

From what has been said it follows that, in our opinion, all assignments should be overruled, and the judgment affirmed. That order has accordingly been entered.

Affirmed.