### WITTING v. TOWNS.   (No. 6776.)

(Court of Civil Appeals of Texas.   Austin. Oct. 22, 1924.)

**1. Venue 21—Defendant entitled to be sued in county of residence unless suit within exceptions in venue statute.**

Defendant is entitled to be sued in county of his residence unless suit against him comes clearly within one of exceptions in Rev. St. art. 1830.

**2. Pleading 111—Plaintiff controverting plea of privilege has burden of proving facts giving venue in forum where suit filed.**

Under Rev. St. art. 1903, as amended by Laws 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), where defendant's plea of privilege is controverted, plaintiff must prove specifically facts which will give venue in forum where suit is filed.

**3. Mines and minerals 48—Sale of minerals and mineral rights is sale of interest in land.**

The sale of minerals and mineral rights in land is sale of interest in land.

**4. Frauds, statute of 71—Rule stated as to oral sale of lands being subject to statute.**

An oral contract of sale of land is subject to statute, unless facts or circumstances exist which relieve it from operation thereof.

**5. Pleading 111—Plaintiff held not to have sustained burden of proving facts warranting suit in county other than of defendant's residence.**

Where, in action for purchase price of mineral and mineral rights in county not that of defendant's residence, plaintiff controverted defendant's plea of privilege, on ground that case came within exceptions of Rev. St. art. 1830, exceptions 7, 12, *held*, that plaintiff's proof of parol sale of such minerals and mineral rights without showing facts relieving such sale from statute of frauds was insufficient in view of Rev. St. art. 1903, as amended by Laws 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

**6. Pleading 180(2)—Plea controverting plea of privilege cannot set up fraud not alleged in petition.**

Where plaintiff sued in county not that of defendant's residence for purchase money of minerals and mineral rights, and defendant filed plea of privilege, plaintiff in his controverting plea filed under Rev. St. art. 1903, as amended by Laws 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), could not set up fraud as ground for retaining venue, when fraud was not alleged in his petition.

Appeal from District Court, Caldwell County.

Action by M. K. Towns against J. C. D. Witting. From a judgment overruling his plea of privilege, defendant appeals. Reversed, with instructions.

Rainbolt & Hopkins, of Gonzales, for appellant.

E. B. Coopwood, of Lockhart, and Hart, Patterson & Hart, of Austin, for appellee.

BAUGH, J. In his motion for rehearing appellee has called our attention to an apparent conflict between the conclusion reached in our opinion rendered herein on July 2, 1924, and that reached in Edmonds v. White, 226 S. W. 819, by the Court of Civil Appeals at Texarkana. The question in the instant case did not arise in the same manner as that in the Edmonds Case; but to avoid confusion in the matter we have concluded to withdraw our former opinion herein, and to substitute therefor this opinion. It does not change our former disposition of the case, but does dispose of the question of fraud raised by appellee on different grounds from those discussed in our original opinion rendered herein.

This is an appeal from the judgment of the district court of Caldwell county overruling appellant's plea of privilege to be sued in Gonzales county. M. K. Towns, as plaintiff below, sued appellant for $1,700, alleging same to be the remaining unpaid purchase price for a 13-acre undivided interest in and to the royalty and mineral rights owned by Towns in 80 acres of land in Caldwell county, and to foreclose his asserted equitable vendor's lien on the interest sold Witting. It is not clear from the petition whether only an interest in the royalty as such was sold, or an interest in the minerals under the land. Witting, defendant below, filed his plea of privilege to be sued in Gonzales county, the place of his residence. The plaintiff thereupon filed his controverting affidavit, omitting formal parts, as follows:

"Further answering and controverting said plea plaintiff says that this suit is to recover from defendant the sum of $1,700 and interest; that said sum of money is due plaintiff by defendant as a part of the purchase money for a certain tract of land sold by plaintiff to defend-

---

ant, said land being fully described in plaintiff's original petition, and being situated in Caldwell county, Tex., the county in which this suit was brought and is now pending.

"Further answering said plea of privilege, plaintiff says that he has a valid, legal, and equitable lien on and against said tract of land to secure the payment of his said debt of $1,700, and that this suit is filed for the purpose of foreclosing his lien on and against said tract of land.

"Further answering said plea plaintiff represents that the sale of said interest in said land by plaintiff to defendant was made in Caldwell county, Tex., and as a part of the consideration of said sale, the defendant, in Caldwell county, Tex., represented to plaintiff that he the defendant had, in bank in the city of Gonzales and state of Texas, ample means to pay for said land, and did in Caldwell county, Tex., make, execute, and deliver to plaintiff his certain draft or check on the Dilworth Bank of Gonzales, Tex., for the sum of $1,700, and at the time of the making of said check and at the time of delivering said check in Caldwell county, defendant represented to plaintiff that he, defendant, then had in said Gonzales Bank the said sum of money named in said check, and further in Caldwell county, Tex., represented to plaintiff that said check would be honored and paid on presentation at said bank; that in truth and in fact all of said representations were false and were known to be false by defendant at the time same were made, and that in truth and in fact defendant did not have any money in said bank to cover said check, and that when said check was presented to said bank on which it was drawn defendant did not have the money in said bank; that such actions of the defendant, all of which was committed in Caldwell county, was a fraud upon plaintiff.

"Wherefore plaintiff says that this suit comes under sections 7 and 12 of article 1830 of Texas Civil Statutes, and that Caldwell county has venue and jurisdiction to hear and determine this cause of action."

The following testimony was all the evidence introduced:

"My name is J. C. D. Witting. I reside at Gonzales, Tex. I resided at Gonzales, Tex., on the 28th day of May, 1923. I was served with citation in this case. I resided at Gonzales, Tex., at that time. I remember signing and swearing to this plea for removal of this cause to Gonzales county, Tex. I resided at Gonzales, Tex., then. I reside at Gonzales, Tex., now. I have resided there since December, 1908. Mr. Towns never has given me any conveyance or anything of that sort. I bought an undivided one-half interest in the mineral rights on thirteen acres of this land. I bought it from Mr. Towns. I gave him a check for part of the money. I gave him a check for $1,700. That transaction took place in Caldwell county. I paid $250 in cash. I never paid him the other $1,700. I signed the check. As to whether I know what I wrote on the check, I don't remember the exact wording. The check was given in payment of this one-sixteenth royalty in 13 acres undivided out of the Fields tract of land. It is his homestead, where his house is. I bought the mineral rights in it. I never paid the $1,700. I did not have that much money in the bank at that time. As to

whether I told Mr. Towns I didn't have the money, Mr. Towns didn't ask me. I didn't say anything about it. My check was turned down. At the time the check was presented I didn't have the funds in the bank, and I didn't have it there the day I gave it. I never had it there since then, and haven't got it there now.

"Q. And the check was given for an undivided one-half of the royalty in 13 undivided acres in the Tom Fields 80-acre tract in Caldwell county? A. It was given for an undivided half of the mineral rights in this 13 acres; yes, sir. "That land is situated in Caldwell county."

The trial court in overruling defendant's plea used the following language:

"And it appearing to the court, after hearing the evidence and the argument of counsel, that said suit is for the foreclosure of an equitable lien upon land situated in Caldwell county, Tex., it is the opinion of the court that said plea of privilege should be overruled."

Opinion.

[1, 2] The courts have scrupulously guarded the rights of a defendant to be sued in the county of his residence, unless the suit against him comes clearly within one of the exceptions to article 1830 of the Revised Statutes. The policy of the law was concisely announced early in our jurisprudence by Chief Justice Hemphill, in Pool v. Pickett, 8 Tex. 123, in the following language:

"The cherished policy of the law is that the inhabitants of the state shall be sued in the counties in which they respectively have their domiciles. * * * This rule cannot be defeated by any evasions or artifices, intended merely for that purpose. The defendant cannot be dragged from the forum of his own domicile, by any mere contrivance to evade the domestic jurisdiction."

This policy has been constantly adhered to by the courts. Hutchison v. Hamilton & Son (Tex. Civ. App.) 223 S. W. 864. And since the amendment in 1917 to article 1903, R. S. (Vernon's 1918 Supp., Act April 2, 1917, c. 176, § 1), the courts have repeatedly held that where defendant's plea of privilege is controverted it is incumbent upon the plaintiff not only to allege but to prove specifically the fact or facts which will give venue in the forum where his suit is filed. Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Latshaw v. McLean (Tex. Civ. App.) 238 S. W. 1003; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Richardson v. Cage' (Tex. Com. App.) 252 S. W. 747; Lindley et al. v. M. & F. State Bank (Tex. Civ. App.) 264 S. W. 159.

[3-5] It is manifest from the controverting plea of plaintiff above set out that he predicated venue on two grounds: First, the sale to defendant, appellant here, of real estate situated in Caldwell county, Tex., his failure to pay for it and the foreclosure of an equitable lien on the land for the unpaid purchase money; and, second, for fraud upon him by appellant in connection with the

check for $1,700. Does the proof, set out in full above, sustain these allegations? We think not. Witting received no conveyance of any kind. The sale, therefore, must have been by parol. The sale of minerals and mineral rights in land is a sale of an interest in land. Tex. Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Staley v. Derden, 57 Tex. Civ. App. 142, 121 S. W. 1136; Thomason v. Upshur County (Tex. Civ. App.) 211 S. W. 327. Appellant's plea of privilege denied every ground of venue asserted by appellee, and it was incumbent upon him to prove facts bringing his case within the exceptions claimed. Murphy v. Dabney, supra. An oral contract of sale of land is subject to the statute of frauds unless facts or circumstances exist which relieve it from the operation of that statute. The rule in such a case was tersely stated by Chief Justice Phillips, in Hooks v. Bridgewater, 111 Tex. 126, 229 S. W. 1116, 15 A. L. R. 216, as follows:

"From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of rauds, three things were necessary: (1) Payment of the consideration, whether it be in money or services; (2) possession by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Tex. 552. Nor is possession of the premises by the vendee. Ann Berta Lodge v. Leverton, 42 Tex. 18. Each of these three elements is indispensable, and they must all exist."

Neither the controverting plea nor the proof meets these requirements in the instant case. Appellee insists, however, that the statute of frauds must be pleaded and proved when relied upon to defeat a contract, citing League v. Davis, 53 Tex. 9, Edwards v. Old Settlers' Association (Tex. Civ. App.) 166 S. W. 426, and other authorities. This rule would obtain in a trial upon the merits, but we are not concerned with that here. The question here is, Did the plaintiff discharge the burden placed upon him to bring his case within one of the exceptions to the venue statute? Proof of a parol sale of lands, or an interest therein, in the absence of facts relieving such sale from the operation of the statute of frauds, fails to discharge that burden.

[6] This brings us to the second ground set up in appellee's controverting affidavit, on which he seeks to retain venue in Caldwell county—that of fraud. Plaintiff's petition alleges only an action for the balance of the purchase money due for an interest in land situated in Caldwell county and seeks foreclosure of an equitable lien thereon. Nowhere does it allege any fraudulent representations by appellant, nor the commission of any fraud by him either in Caldwell county or elsewhere. An action in fraud is a distinct and entirely different proceeding from a suit for debt and foreclosure of a lien on land, if it is not an entirely different cause of action altogether. We do not think it was ever the intention of the Legislature in enacting the amendment to article 1903 of the R. S. of 1911, above mentioned, to authorize the party controverting a plea of privilege to change his cause of action by a controverting affidavit, in order to retain venue in the forum in which he filed suit. The language added to the former statute by the amendment relating to such controversion of the plea of privilege is as follows:

"If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath setting up specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

Plaintiff's right to recovery must depend upon his petition. His controverting plea, under the statute, serves only to join the issue as to venue under the plea of privilege and the petition then filed, and he cannot in such controverting plea be heard to set up a new or different cause of action than that sued upon. The statute prescribes that he must set up the "fact or facts" relied upon to retain venue. Necessarily these facts must be such facts as would be admissible in evidence under his original or amended petition. Certainly he could not under a petition for debt and foreclosure of a lien to secure it prove a case of fraud, which was nowhere alleged. And if, under his pleadings as filed, he could not recover on any such ground, he cannot be heard in a controverting affidavit, which is not an amended pleading, to set up such ground as a basis to retain venue where his suit is filed. It is therefore unnecessary for us to consider further the question of fraud raised by appellee. It has no place in the determination of the questions before us.

For the reasons given the judgment of the trial court is reversed, and the court below instructed to make and enter an order transferring the case to the district court of Gonzales county, Tex.

Reversed, with instructions.