SIBLEY v. PICKENS et al. (No. 2503.)

(Court of Civil Appeals of Texas. Amarillo. May 20, 1925.)

1. Mines and minerals ⚌48—Oil and gas in place are part of "realty," and may be conveyed as an "interest in land."

Oil and gas in place are part of "realty," and may be conveyed as any other "interest in land," and sale of oil and gas in place is sale of interest in land.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (In Property); Real Property.]

2. Mines and minerals ⚌55(2)—Contract to convey interest in oil and gas rights governed by principles governing sale of realty.

Contract to convey interest in oil and gas rights in land is contract for sale of oil in place, governed by principles applicable to sale of realty.

3. Mines and minerals ⚌74—Whether purchaser or vendor was entitled to oil between date of delivering contract of sale and of assignment of lease determined from contract and assignment, interpreted by parties' intention.

Whether purchaser or vendor of half interest in oil and gas lease was entitled to oil run after contract was delivered, and before delivery of assignment of lease, placed in escrow, must be determined from contract and assignment, interpreted by parties' intention.

4. Mines and minerals ⚌74—Purchaser of oil and gas rights held entitled to oil between date of contract and delivery of assignment of lease.

Contract, providing that vendor on that date sold one-half interest in oil and gas lease, and conveyance containing general warranty of purchaser's interest in lease, executed on same day, placed in escrow containing no reservation, held to evidence present sale, and conveyed all of vendor's rights, and purchaser was entitled to one-half of oil run from lease between date of contract and date of delivery of assignment, which related back to date of contract.

5. Vendor and purchaser ⚌61—Contract for sale of land, containing no reservation, conveys all vendor's rights.

Contract for sale of land, containing no reservation, conveys all of vendor's rights.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the Southwest National Bank of Dallas against A. T. Sibley and others, wherein M. B. Pickens intervened. Judgment for intervener against defendant A. T. Sibley, and Sibley appeals. Reversed and rendered.

Kilgore, Montgomery, Carrigan & McMahon, of Wichita Falls, for appellant.

Fitzgereald & Hatchitt, of Wichita Falls, for appellees.

JACKSON, J. This suit was instituted in the district court of Wichita county, Tex., by the Southwest National Bank of Dallas, Tex., plaintiff, against the Sunshine State Oil & Refining Company, A. T. Sibley, and Weowna Oil Company, defendants, and M. B. Pickens intervened.

The case is before us on an agreed statement of facts, by which all parties agree that plaintiff is entitled to its recovery against the defendant, Sunshine State Oil & Refining Company, of $1,675.08, with interest and cost, but that no other party to the suit is entitled to any relief against said defendant, and that none of the litigants are entitled to any recovery against the Weowna Oil Company.

Under the agreed statement of facts, on June 4, 1923, M. B. Pickens and A. T. Sibley executed a contract relative to the sale to Sibley of a one-half interest in the oil and gas rights on certain land, and on the same day M. B. Pickens executed an assignment to Sibley covering the said one-half interest in the lands described in the contract, and placed said assignment in the Continental National Bank of Fort Worth to be held in escrow by the bank, under the terms of the contract.

A. T. Sibley had the title to the lease examined, required assignments to be executed on June 6, 1923, by other parties claiming some interest in the property, which assignments were also delivered to the escrow bank on June 8, 1923. On that date, June 8th, A. T. Sibley paid the balance of the consideration required of him, and received from the bank all the assignments. The contract, after identifying M. B. Pickens as first party, and A. T. Sibley as second party, provides that first party has this day sold to second party, and second party has this day purchased from first party, a one-half interest in the oil and gas lease, properly describing the land and the lease, for a consideration of $22,717.82, payable as follows: $5,000 in cash, to be deposited in the Continental National Bank of Fort Worth, Tex., as a guaranty that second party will carry out the conditions of the contract. Second party assumes all the indebtedness against the lease, and further agrees to pay into the bank the sum of $17,717.82 within five days from the date of the contract, which is June 4, 1923, provided first party delivers to second party an assignment of an oil and gas lease covering the property, conveying clear title to second party, in so far as it concerns first party. The bank is authorized by the contract to deliver to second party the assignment executed by first party upon compliance with the stipulations in the contract. If second party fails to comply, the bank is instructed to pay the $5,000 deposited to first party as liquidated damages.

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The assignment to the property executed by first party on June 4, 1923, and placed in escrow on that date, is a regular conveyance by warranty of the one-half interest. in the property to A. T. Sibley, second party.

The agreed statement shows that the proportionate part of the oil run from the lease, and accruing to the interest assigned by first party to second party between June 4, 1923, at 7 o'clock a. m., and June 8, 1923, at 7 o'clock a. m., was sold to the Sunshine State Oil & Refining Company at its value for the sum of $532.94, which amount second party has collected.

The case was tried before the court and judgment rendered against the appellant, A. T. Sibley, and in favor of the appellee M. B. Pickens, the amount of which involved in this suit is $532.94.

It is agreed that the only question before this court for determination is whether the appellant or appellee. is entitled to said sum under the facts above set out; there being no other contract, assignment, or testimony.

[1] It is settled law in Texas that oil and gas in place are a part of the realty, and may be conveyed as any other interest in land. Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779; Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Stephens County et al. v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566; Texas Co. et al. v. Davis et al., 113 Tex. 321, 254 S. W. 304, 255 S. W. 601; Munsey et al. v. Marnet Oil & Gas Co., 113 Tex. 212, 254 S. W. 311; Thomason et al. v. Ham, 113 Tex. 239, 254 S. W. 316. It is also held that the sale of oil and gas in place is a sale of an interest in land. In addition to the above authorities, see Witting v. Towns (Tex. Civ. App.) 265 S. W. 410; Staley v. Derden, 57 Tex. Civ. App. 142, 121 S. W. 1136,; Thomason v. Upshur County (Tex. Civ. App.) 211 S. W. 325.

[2] The contract and assignment and agreed statement of facts reveal that this transaction was a sale of oil in place, and the rights of the parties will therefore be controlled by the principles that govern the sale of real estate. It has been frequently held in this state, when a deed is placed in escrow with a third party by the grantor, to be delivered to the grantee upon his compliance with certain stipulated conditions embodied in a contract, if such conditions are complied with by him, and he receives his deed, the delivery thereof relates back, and the. grantor is divested of his title at the date the deed is delivered in escrow. Sykes et al. v. Fischl (Tex. Civ. App.) 212 S. W. 217; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Ketterson et al. v. Inscho, 55 Tex. Civ. App. 150, 118 S. W. 626; Gully v. Nystel (Tex. Civ. App.) 233 S. W. 122.

[3, 4] Whether appellant or appellee is entitled to the proceeds of the oil run from the lease during the time in controversy must be determined from the contract and assignment, and these instruments are to be interpreted by the intention of the parties. The contract expressly provides that appellee, on the 4th day of June, 1923, sold to appellant, and appellant, on that day, purchased from appellee, a one-half interest in the lease, providing for the consideration to be paid therefor, and in compliance with said contract appellee on the same day executed a conveyance, containing general warranty, to the interest in the property assigned. Manifestly the consideration expressed in the contract was the value of the interest conveyed on the date of the contract and assignment, and not the value of the lease at a later date, and, in our opinion, the record evidences that the intention of the parties was a present sale.

[5] A contract for the sale of land which contains no reservation covers the entire rights of the vendor, and neither the contract nor the assignment in this case contained any reservation.

For the removal of any fixture from the property by appellee the vendor, after the contract and assignment were executed on June 4th, and the assignment placed in escrow, and before the delivery of the assignment to the appellant, the vendee, on June 8th, appellee would be responsible in damages, because the assignment, when delivered, relates back to the date of contract of sale. Alexander et al. v. Anderson. (Tex. Civ. App.) 207 S. W. 205.

If a contract for the sale of land prevents the grantor from removing fixtures therefrom between the date of the contract and the delivery of the deed, and the deed made in compliance therewith relates back to the date of such contract, and entitles the grantee to the fixtures, we see no reason why the sale by contract, of oil in place, which is a part of the realty, would not prevent any disposition of the oil by the vendor, and the assignment made and delivered in compliance with the contract relate back to the date thereof and entitle the grantee to the oil.

It is our opinion, under the record in this case, that appellant was entitled to the proceeds of one-half of the oil run from the lease from 7 o'clock a. m. June 4, 1923, to 7 o'clock a. m. June 8, 1923, and, $532.94 being the agreed value thereof, appellant, having collected said amount, is entitled to retain it.

The judgment of the trial court is therefore reversed and here rendered for appellant.