## ELLIOT FINANCE CO. v. BROWN et al.
### No. 11954.

Court of Civil Appeals of Texas. Galveston.
Feb. 12, 1948.

Fowler & Conn, of Houston, for appellant.

Lyman & Pittman of Corpus Christi (Sam I. Pittman, of Corpus Christi, of counsel), for appellee.

GRAVES, Justice.

This statement, thought to be correct, and edited here only in immaterial respects, is taken from the appellee's brief:

"This suit was filed by appellant, a corporation, in Harris County, Texas, for the foreclosure of a chattel mortgage-lien on an auto-trailer-house, against the mortgagor, H. E. Brown, of Nueces County, and against the appellees, Mr. and Mrs. R. G. Drummond, husband and wife, purchasers of the trailer from him.

"Service of process was obtained from R. G. and D. Drummond, in Nueces County, Texas, and the property sequestered from them. The appellees timely filed their joint plea of privilege to be sued in Nueces County where they resided. In response thereto, appellant timely filed its contraverting affidavit.

"Appellant, in its original petition, alleged that it purchased a note for $2340, given by Brown in payment for the car and secured by the mortgage referred to, for a valuable consideration, from the Vet Trailer Sales Company, of Corpus Christi, Nueces County, Texas, the original payee thereof; that the mortgagor-Brown thereafter had sold the trailer-house in question to the Drummonds.

"Appellant thus set out that there was a note in existence, which had been assigned to appellant for a valuable consideration, but it failed in its original petition to allege that such note was due and payable in Harris County, Texas. Appellant attempted to adopt said petition in its contraverting-affidavit, and merely reiterated what it thought was pled in its original petition, same being that the note was due and payable in Harris County, Texas. Appellant timely filed its contraverting affidavit, and in said contraverting affidavit for the first time appellant sets out that the note executed by Brown, to Vet Trailer Sales Company, and assigned to appellant, 'being the same note described in plaintiff's petition, which petition is hereby incorporated herein by reference as if fully copied herein.' Appellant erred in not setting up in the original petition, either by trial amendment, or amendment prior to the trial and before judgment, that said note was due and payable in Houston, Harris County, Texas."

The trial court sustained the appellees' joint plea of privilege, and ordered the cause as to them transferred for trial to the district court of Nueces County, supporting its decree by filing its findings-of-fact and conclusions-of-law, those deemed most material being these:

"1. I find that within the time provided by law, Elliot Finance Company, Plaintiff, duly filed its controverting affidavit alleging

the execution of the $2340.00 note by Hubert E. Brown, the mortgage to Plaintiff, the fact that said note was payable in Harris County, Texas, that any interest of the defendants Drummond in the said Noble House Trailer was claimed through and under Hubert E. Brown; that the interest of the said defendants, Drummond was subject to the payment of the indebtedness owed to plaintiff by Hubert E. Brown and that the defendants, Drummond, were necessary parties to the cause and were suable in the same county where venue was properly maintained against Hubert E. Brown.

"12. I find that the original petition on file in this cause on the part of plaintiff, nowhere stated that the note sued on was payable in Houston, Harris County, Texas.

"Conclusions of Law. Based upon the foregoing findings of fact, I conclude that the defendant, R. G. Drummond and the defendant, Mrs. D. Drummond, are necessary parties to the determination of this cause as between Plaintiff, Elliot Finance Company, and Defendant, Hubert E. Brown, and, but for the failure of Plaintiff to expressly allege in its original petition on file in this cause that the note sued on was payable in Harris County, Texas, the suit would be lawfully maintainable against the defendants Drummond in the said County of Harris.

"I conclude that the fact that the Elliot Finance Company in its controverting affidavit expressly alleged that the note sued on was payable in Harris County, Texas, may not be looked to in determining the proper venue of this cause, but, on the contrary, I conclude that only the allegations contained in the original petition of plaintiff may be considered in determining whether suit was properly maintainable in Harris County, Texas, against Hubert E. Brown and the Defendants, Mr. R. G. Drummond and Mrs. D. Drummond."

This court approves the action so taken below, and cites these authorities in support thereof: Austin et al. v. Grissom-Robertson Stores, Tex.Civ.App., 32 S.W.2d 205; Browne v· Heid Bros. Tex.Civ.App., 12 S.W.2d 587; Casebolt et al. v. Waldron, Tex.Civ.App., 160 S.W.2d 309; Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 98; Grayson v. Cate, Tex.Civ.App., 95 S.W.2d 194; Jones v. Caldwell, Tex·Civ.App., 42 S.W.2d 1052; Super-Cold Southwest Co. v. Green & Roberts, Tex.Civ.App., 185 S.W.2d 749; 43 Tex.Jur., p. 815; 43 Tex.Jur., p. 818; Witting v. Towns, Tex.Civ.App., 265 S.W. 410; Rule 86, Texas Rules of Civil Procedure.

The appellant cites and relies upon this different line of holdings: Farmers' Seed & Gin Co. v. Brooks, Tex.Civ.App., 85 S.W.2d 1096; Grayson v. Cate, Tex.Civ.App., 95 S.W.2d 194; Griffin v. Burrus, Tex.Civ.App., 292 S.W. 561; Griffin v. Linn, Tex·Civ.App., 3 S.W.2d 148; Perkins v. Texas Bank & Trust Co., Tex.Civ.App., 230 S.W. 736; Randals v. Green, Tex.Civ.App., 258 S.W. 528.

The Grayson v. 'Cate case seems to be one among if not the most strongly relied-upon holdings in its favor; but the facts there seem clearly distinguishable from those here. In that instance it was properly alleged that the note involved was due and payable in Tarrant County, whereas here this appellant pleaded well-nigh everything else, except where this note had been made due and payable.

As indicated, the appellant in this cause, in its controverting affidavit, adopted its original petition, and, by reference, therein alleged that this $2340 note—likewise as had been pled in the petition—was due and payable in Houston, Harris County, Texas; but, since the trial court found that there was in fact no allegation as to where the note was due and payable made in such original petition, it follows that appellant could not so adopt as a partion of such original petition a recitation that it did not contain.

The resulting situation seems to this Court to be thus correctly stated in the appellee's brief, to-wit: "In said original petition the appellant did not plead where said note was due and payable, and therefore could not charge the appellee with knowledge of where the same was due and payable, because the appellee was not a party to said note and had no knowledge of said note, nor of the chattel-mortgage,

and, in truth and in fact, appellee did not know whether or not the trailer-house, secured by said note and chattel-mortgage and the one on which they were sued, were the same."

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.