## HARGROVE v. KOEPKE et al.

No. 2638.

Court of Civil Appeals of Texas. Eastland.

April 2, 1948.

Rehearing Denied April 23, 1948.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

Carter & Lewis, of San Antonio, for appellee.

GRAY, Justice.

This is a plea of privilege case appealed from the 57th Judicial District Court of Bexar County, Texas, to the Court of Civil Appeals at San Antonio, but transferred by the Supreme Court to this court by way of equalizing the dockets.

There were two suits filed growing out of the same accident. The first by said Harry M. Koepke alleging injuries to himself, and the other filed by Mary C. Kruse and husband, on account of the death of a minor, Norman Floyd Parks, son of said Mary C. Kruse, who was killed in the same accident. The two suits were consolidated by the trial court. The defendant, Mitchell C. Hargrove, duly filed his pleas of privilege to be sued in the county of his residence, which was McCullouch County, Texas. The accident was alleged to have occurred on what we may term the Freder-

icksburg Highway in Bexar County, and venue was sought to be maintained in Bexar County under Exception 9 of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art.1995, subd. 9.

The case was tried to a jury which found: (1) that defendant parked or left his truck and trailer standing upon the paved or main traveled portion of the highway on the occasion in question; (2) that it was possible to park or leave said truck and trailer standing off of the paved and main traveled portion of the highway at the place where said collision occurred; (3) that the said truck and trailer being parked or standing on the paved or main traveled portion of the highway was a proximate cause of the collision; (4) that the defendant's truck and trailer were stopped upon the main traveled portion of the highway longer than fifteen minutes before said collision; (5) that the defendant failed to place a warning signal or flare upon the highway to the rear of said truck and trailer; (6) that the said truck and trailer being stopped upon the main traveled portion of the highway longer than fifteen minutes without placing a warning signal or flare upon the highway to the rear was a proximate cause of said collision; (7) that the defendant failed to have a light burning at the rear of said trailer visible at least 500 feet to the rear of said trailer; and (8) that such failure was a proximate cause of the collision. The defendant introduced no evidence on the hearing.

Upon the above findings, the trial court entered an order refusing the pleas of privilege, and after overruling a motion for new trial, the defendant appealed.

We think there are two controlling issues in the appeal, viz.: (a) whether the original petitions were sufficient, and (b) whether the trial court erred in submitting certain issues to the jury.

Except as to names and amounts sued for, the pleadings were identical, with the further exception the plaintiff Mrs. Kruse alleged that she was the mother of the minor, Norman Floyd Parks, killed in the collision. Plaintiff Koepke's petition was as follows:

"Now comes the plaintiff, Harry M. Koepke, who is residing in Bexar County, Texas, and complains of the defendant, Mitchell C. Hargrove, who resides in the town of Melvin, McCulloch County, Texas.

"1. Plaintiff avers that heretofore, on or about the night of August 21st, 1946, the plaintiff was lawfully driving his automobile on the Fredericksburg Road in Bexar County, Texas, a few miles north of the City of San Antonia. The defendant, Mitchell C. Hargrove, had negligently placed or parked a truck and trailer which he owned in the middle of said Highway; and because of the negligent and unlawful acts of the defendant, Hargrove, the plaintiff's automobile came into violent collision with the defendant's trailer and truck, and thereby the plaintiff sustained serious and permanent personal injuries and plaintiff's automobile was damaged and wrecked all to the damage of the plaintiff in the sum of $20,000.00. The plaintiff's said injuries and damages were proximately caused by the negligent and wrongful acts of the defendant, Mitchell C. Hargrove."

▆ A careful reading of said petition discloses that plaintiff's petition merely pleads passive negligence, which is not a trespass, and nowhere pleads a crime, but "wrongful acts" and "unlawful acts," whereas, the controverting affidavits and issues submitted dealt solely with crimes. See Whitson Food Products Co. v. McClung, Tex.Civ.App., 206 S.W.2d 659; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645, 43 Tex.Jur., page 735, Sec. 22; Lawless v. Tidwell, Tex.Civ.App. 24 S. W.2d 515.

The controverting affidavits made the petitions a part thereof and then controverted the pleas as follows:

"4. Plaintiff avers that the defendant negligently and unlawfully placed and parked his truck and trailer and left them standing upon the paved, improved and main traveled portion of the highway although it was possible to have parked and left such vehicles standing off of the paved, improved and main traveled portion of the highway; and the defendant negligently and unlawfully placed his truck and trailer on his left side of the highway and extending to the left of the middle line of the highway; and the defendant negligently and unlawfully caused and permitted his truck and trailer to be stopped upon the main traveled portion of the highway much longer than fifteen minutes, and negligently and unlawfully failed to place warning signals or flares upon the highway at a distance of not less than 150 feet nor more than 200 feet from such vehicle as required by law. The defendant also negligently and unlawfully failed to have red lights at the rear of said trailer and truck lighted and visible a distance of 500 feet to the rear; and the defendant negligently and unlawfully operated said trailer and truck with an excessive and illegal gross weight; and the defendant also negligently and unlawfully operated his said truck and trailer on his left or wrong side of the highway and operated the same to the left of the middle line of the highway, and failed to give way to the right in favor of the plaintiff's overtaking vehicle; and the defendant was also guilty of other negligent and unlawful acts which caused said collision."

It will thus be seen that the petition does not state that, "it was possible to have parked and left such vehicle standing off of the paved, improved and main traveled portion of the highway," while the petition alleges that defendant parked or placed his truck and trailer on the middle of the highway; the controverting affidavit states that "defendant unlawfully and negligently placed his truck and trailer on his left side of the highway and extending to the left of the middle line of the highway;" that it was so stopped on said highway for much more than fifteen minutes; that defendant placed no warning signals or flares upon said highway at a distance of not less than 150 feet nor more than 200 feet from such vehicle as required by law; that defendant failed to have red lights at the rear of said trailer and truck lighted and visible a distance of 500 feet to the rear; that defendant operated said truck and trailer with an illegal load and with an excessive and illegal gross weight; that defendant negligently and unlawfully operated said truck and trailer on his left or wrong side of the highway and operated

same to the left of the middle line of the highway, and failed to give way to the right in favor of plaintiff's overtaking vehicle; "and the defendant was guilty of other negligent and unlawful acts which caused said collision."

It is so well settled by the authorities that in venue suits the court must look to the petition to ascertain, the nature of the suit that citation of authorities would seem superfluous. If the petition be defective, such defects cannot be cured by the controverting affidavit by setting up therein a new or different cause of action, or material matters not disclosed in the petition or foreign to the facts actually pleaded. The allegations of fact must be common to both petition and controverting affidavit. Austin v. Grissom–Robertson Stores, Tex.Civ.App., 32 S.W.2d 205 (this court); Casebolt v. Waldron, Tex. Civ.App., 160 S.W.2d 309 (this court); Elliott Finance Co. v. Brown, et al., Tex. Civ.App. 208 S.W.2d 622; Douglass v. Flintkote Co., Tex.Civ.App., 207 S.W.2d 635; Demmer v. Lampasas Auto Co., Tex. Civ.App., 34 S.W.2d 421; Oakland Motor Car Co. v. Jones, Tex.Civ.App., 29 S.W.2d 861; 20 T.L.R., 20.

The above authorities and many others announce and sustain the rule that the petition must plead a cause of action, and that the controverting affidavit relates alone to venue and not liability. The plea of privilege and controverting affidavit join an issue as to venue of the cause of action as pleaded in the petition. Witting v. Towns, Tex.Civ.App., 265 S.W. 410, 412; Jones v. Caldwell, Tex.Civ.App., 42 S.W.2d 1052. In Witting v. Towns, supra, the court said:

"Plaintiff's right to recovery must depend upon his petition. His controverting plea, under the statute, serves only to join the issue as to venue under the plea of privilege and the petition then filed, and he cannot in such controverting plea be heard to set up a new or different cause of action than that sued upon. The statute prescribes that he must set up the 'fact or facts' relied upon to retain venue. Necessarily, these facts must be such facts as would be admissible in evidence under his original or amended petition."

Since appellant filed no exceptions to the pleadings, nor objected to the introduction of the testimony, appellee contends that he thereby waived any defects in the petition and inadmissibility of the evidence. This contention is overruled. The record shows that at the close of all the evidence and prior to the preparation and reading of the Court's charge to the jury, appellant filed his motion for an instructed verdict on the ground that neither of said petitions alleged any trespass to have been committed in Bexar County, Texas by the defendant, and that said petitions, and each of them, wholly failed to allege any crime or offense to have been committed by the defendant in Bexar County, Texas, and wholly failed to allege any active act of "trespass, crime or offense" committed in Bexar County, Texas, by the defendant, to have been a proximate cause of any injuries to the plaintiffs, or any of them, and that by reason of such facts, no other judgment could be rendered than one in favor of the defendant. The plaintiffs made no request for leave to file a trial amendment. We think the motion of the defendant for an instructed verdict should have been granted. The defendant further objected to the charge of the court before it was read to the jury for all the reasons set out in said motion for an instructed verdict, in that there were no proper pleadings to support submission by the court of the several issues contained in the charge. It is evident that special issues Nos. 2, 4, 5, 6, 7 and 8 had no basis in the petition. After rendition of judgment, based upon jury findings, overruling said pleas of privilege, the defendant filed his motion for new trial in which he preserved the points raised in his motion for instructed verdict and objections to the court's charge. He also brings forward in his brief the same points set out in the motion for new trial.

Under all the facts and circumstances, instead of reversing and rendering said consolidated suit, we think the ends of justice will be better subserved by reversing and remanding same. Jackson v. Overby, Tex.Civ.App., 185 S.W.2d 765.

The judgment of the trial court is accordingly reversed and the cause remanded.