**TEXAS PLANTING SEED ASSOCIATION,**
Appellant,

v.

**Bill HOOKER et al., Appellees.**

No. 100.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 31, 1964.

John M. Lawrence III, Bryan, for appellant.

W. T. McNeil, Edna, for appellees.

GREEN, Chief Justice.

Appellees filed suit in the district court of Jackson County, Texas, seeking to recover damages resulting from an alleged breach of warranty by appellant involving the sale of seed cotton. Their petition stated appellees

to be residents of Jackson County, and appellant to be a Cooperative Association with offices at Bryan, Texas, but failed to contain any allegations as to where the cause of action, or any portion thereof, arose. After appellant filed its plea of privilege asking that the case be transferred to Brazos County, appellees filed their controverting affidavit, making their petition a part thereof, and for the first time alleged that the "cause of action, or part thereof, arose in Jackson County, Texas." The trial court at the hearing heard testimony, denied appellant's motion to sustain the plea of privilege which motion was based in part on the proposition that appellees' *petition* failed to allege that their cause of action arose in whole or in part in Jackson County, and overruled the plea of privilege.

On this appeal appellees, to support the trial court's ruling, rely solely on that portion of Subd. 23, Art. 1995, Vernon's Ann. Civ.St.Tex., providing that "Suits against a private corporation, association, or joint stock company may be brought in the county * * * in which the cause of action or part thereof arose."

Appellant presents only one point, which is to the effect that the trial court erred in overruling the plea of privilege since the *petition* failed to contain any allegations showing that the cause of action, or part thereof, arose in Jackson County. No point is made by appellants questioning sufficiency of the evidence to support the trial court's ruling.

■ We sustain appellant's point of error. As stated above, appellee's petition alleged no facts showing that any part of the cause of action occurred in Jackson County. The controverting affidavit has the office of more specifically alleging in detail the facts relied upon to support the venue issues made by the petition. However, this does not mean that where the petition alleges no venue facts, the necessary allegations can be supplied for the first time in the controverting affidavit.

In Price v. Murrell R. Tripp & Co., Inc., Tex.Civ.App., 268 S.W.2d 702, plaintiff relied upon that portion of Subd. 23, Art. 1995, which states that suits against a private corporation may be brought in the county in which plaintiff resided at the time the cause of action or part thereof arose, provided such corporation has an agency in such county. Though plaintiff alleged in his petition that he resides in such county, he did not say that he was a resident there when the cause of action, or part thereof, arose. He did make this latter allegation in his controverting affidavit. The Court of Civil Appeals, in upholding the ruling of the trial court sustaining the plea of privilege on this matter of pleading alone, stated:

"It seems to be settled that the controverting plea may not be looked to to supply this essential venue fact when it is omitted from the petition. It may not serve to enlarge the petition. Douglass v. Flintkote Co., Tex.Civ.App., 207 S.W.2d 635; Reader's Wholesale Distributors, Inc., v. Trahan, Tex.Civ.App., 225 S.W.2d 459; Elliot Finance Co. v. Brown, Tex.Civ.App., 208 S.W.2d 622, and authorities there cited; Jones v. Caldwell, Tex.Civ.App., 42 S.W.2d 1052."

■ In further support of the above mentioned well established rule of law that the material issues of venue must be common to the petition and the controverting affidavit, we mention in addition to the authorities cited above the following: Witting v. Towns, Tex.Civ.App., 265 S.W. 410; Casebolt v. Waldron, Tex.Civ.App., 160 S.W.2d 309; Hargrove v. Koepke, Tex.Civ.App., 210 S.W.2d 434; M. L. Witter Mfg. Corp. v. Kinetrol Co., Inc., Tex.Civ.App., 342 S.W.2d 809.

■ Appellees made no request in the district court to amend their petition so as to include this essential venue fact. They elected to stand on their pleadings. Under the authorities cited above, we hold that the

**350**

trial court erred in overruling the plea of privilege.

 We feel that the ends of justice will be better served if the case is remanded so that the parties are given an opportunity to try the issues under properly drawn amended pleadings. Buchanan v. Jean, Sup. Ct., 172 S.W.2d 688; Red Arrow Freight Lines v. Cagle, Tex.Civ.App., 206 S.W.2d 1019; Sparks v. West, Tex.Civ.App., 41 S.W.2d 301; Tex.Jur.2d, Vol. 60, Venue, Sec. 248, pp. 169, et seq.

Reversed and remanded.