**M. L. WITTER MFG. CORP., Appellant,**

v.

**KINETROL COMPANY, Inc., Appellee.**

No. 15771.

Court of Civil Appeals of Texas.

Dallas.

Feb. 3, 1961.

—◇—

George T. Thomas, Big Spring, for appellant.

Lyne, Blanchette, Smith & Shelton, Dallas, for appellee.

WILLIAMS, Justice.

This is a venue case. Appellee, Kinetrol Company, Inc., a Texas corporation with its principal place of business in Dallas County, Texas sued appellant M. L. Witter Mfg. Corp., a Texas corporation with its principal place of business at Big Spring, Howard County, Texas, on a verified account, together with statutory attorney fees, said suit being filed in a District Court of Dallas County, Texas. Appellant filed its plea of privilege to be sued in Howard County, Texas. Appellee duly controverted the plea of privilege by sworn affidavit seeking to sustain venue in Dallas County, Texas under Art. 1995, Texas Revised Civil Statutes 1925, Subd. 5, and Subd. 23. The trial court, after a hearing thereon, overruled appellant's plea of privilege and appellant brings this appeal on two points, grouped together, in which it contends that appellant's pleadings, without alleging proper venue facts in the petition, but contained in the controverting affidavit, are insufficient to support the court's order.

We recognize the well-established rule of law, relied upon by appellant, that in venue cases the specific facts relied upon to retain venue must be pleaded in the petition and that the controverting plea may not be used to supply essential venue facts which are not contained in the petition. Price v. Murrell R. Tripp & Co., Tex.Civ. App.1954, 268 S.W.2d 702; Jones v. Cald-well, Tex.Civ.App.1931, 42 S.W.2d 1052; Reader's Wholesale Distributors, Inc. v. Trahan, Tex.Civ.App., 225 S.W.2d 459. The allegations of facts must be common to both the petition and the controverting plea. Hargrove v. Koepke, Tex.Civ.App., 210 S.W.2d 434.

However, a careful inspection of the plaintiff's first amended original petition, together with exhibits attached thereto, as well as the controverting affidavit, reveal that the instant case does not fall within the rule announced by the cases cited. In plaintiff's first amended original petition it is alleged that pursuant to the terms and conditions of a certain written contract, entered into by the plaintiff and defendant "in Dallas, Texas," a photostatic copy of said contract being attached as Exhibit "A" and made a part thereof, defendant became indebted to plaintiff in certain sums, being the balance due on an account for goods and merchandise sold and delivered by plaintiff to defendant, the particulars of which are set out in Exhibit "B", attached to said petition, and made a part thereof by reference as if fully copied. The Exhibit "A", being the written contract between the parties, provided, inter alia, that Kinetrol agreed to manufacture certain units of merchandise and that Witter agreed to purchase and to "pay for same as invoiced". It was further expressly provided in the contract that Witter should pay Kinetrol the sum of $2.50 per. unit "manufactured and delivered to Witter by Kinetrol F.O.B., Dallas Texas." Furthermore, Kinetrol agreed to package the product in individual cartons of 12 units each, and to deliver the same "upon written order to Witter at Kinetrol's plant in Dallas, Texas." Exhibit "B" contained verbatim copies of a number of invoices from Kinetrol to Witter having to do with merchandise delivered, each of said invoice specifically providing "Payable at Dallas, Texas".

Appellant's plea of privilege did not contain a verified denial of the execution of the written contract between the parties.

Appellee's controverting plea refers to first amended original petition and to Exhibits "A" and "B", and also alleged that the written contract, of which the invoice was a part, was payable in Dallas County, Texas and therefore Subd. 5, Art. 1995, Revised Civil Statutes, was applicable as an exception. Appellee further pleaded, in its controverting affidavit, that the contract negotiations were had in Dallas County, Texas and that "the allegations of plaintiff's petition shows and avers, and it is a fact, that the cause of action set forth therein, or a part therein arose in Dallas County, Texas.", and therefore, Subd. 23, Art. 1995, Revised Civil Statutes, was applicable as an exception.

Upon the trial of the case, over objection of appellant that such testimony was not supported by proper pleadings, the trial court allowed the introduction of the written contract, together with the exhibits attached thereto, and also plaintiff's first amended original petition. The court also heard testimony to the effect that all the negotiations leading up to the execution of the contract were had in Dallas County, Texas, though the actual contract was signed by appellee in Dallas County, Texas and by the appellant in Howard County, Texas.

■ It is our opinion that appellee's first amended original petition, together with its attached exhibits, and appellee's controverting affidavit, which includes the incorporation by reference of the first amended original petition, is sufficient pleading of venue facts to justify the introduction of testimony in support thereof and also to overcome appellant's plea of privilege. It has been held that the petition may effectively be made a part of the controverting plea by adoption. Sabens v. Smith, Tex. Civ.App., 118 S.W.2d 324; General Motors Acceptance Corp. v. Lee, Tex.Civ.App., 120 S.W.2d 622; Faught v. Cloud, Tex.Civ. App., 131 S.W.2d 137; Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 982; Clark, Venue and Civil Actions, § 5, p. 234.

■ Appellant's plea of privilege contained no verified plea of non est factum and in the absence of such a sworn plea, the instrument sued upon shall be received in evidence as fully proved. Rule 93(a) Texas Rules of Civil Procedure. The invoices, being Exhibit "B" attached to the original written contract and forming a part of the first amended original petition, constituted written contracts within the meaning of Subd. 5 of Art. 1995, Revised Civil Statutes. Berry v. Pierce Petroleum Corp., Tex.Com.App.1931, 120 Tex. 452, 39 S.W.2d 824; Cities Service Oil Co. v. Brown, Tex.Com.App.1930, 119 Tex. 242, 27 S.W.2d 115. It is also the rule that such invoices need not be signed by both parties in order to constitute a written contract within the meaning of such exception. Dowell v. Ginsberg, Tex.Civ.App.1951, 244 S.W.2d 265; Vinson v. Horton, Tex.Civ. App.1947, 207 S.W.2d 432.

We hold, therefore, that appellee's pleadings were sufficient to support the introduction of evidence, and that such evidence is sufficient to bring this case within the exception 5, of Art. 1995, Revised Civil Statutes of Texas.

■ With reference to Subd. 23, of Art. 1995, Revised Civil Statutes of Texas, which provides for retention of venue in the County where the cause of action, or a part thereof, arose in cases against corporations, we believe appellee's pleadings, though general in nature, but not being excepted to as being insufficient, meet the requirements of the law. The contract is alleged to have been made "in Dallas County, Texas" and no exceptions were levelled to such allegation. We think the pleadings were sufficient, and the action of the trial court correct. Collins v. F. M. Equipment Company, Tex.Civ.App.1960, 340 S.W.2d 867; Ed Friedrich Sales Corp., v. Deitrick, Tex. Civ.App.1939, 134 S.W.2d 760; North Texas Tank Co. v. Pittman, Tex.Civ.App., 290 S.W.2d 724, 726.

The judgment of the trial court is affirmed.