PALLETS, INC., et al., Appellants,

v.

R. L. STEPHENS, Appellee.

No. 6342.

Court of Civil Appeals of Texas.

Beaumont.

March 23, 1961.

Kirby Kelly, Shepherd, Williams, Lee & Lee, Houston, for appellants.

Hightower & Willis, Livingston, for appellee.

HIGHTOWER, Justice.

This is a venue matter. Suit by plaintiff on a verified account was for the balance of the purchase price of various shipments of lumber to Pallets, Inc., of Houston, Texas. All defendants are domiciled in Harris County. In substance, it was alleged that defendants R. E. Chambers and Chambers Construction Company assumed the obligation to pay all accounts not paid by Pallets, and that in reliance on such promise plaintiff shipped said lumber to Pallets. Copies of the account showing a balance due of $3,077.58 and pertinent invoices were attached and incorporated in the petition. The controverting affidavit to the defendants' plea of privilege to be sued in Harris County incorporated plaintiff's petition and sought to retain venue in Polk County by reason of the defendants having obligated themselves, in writing, to make payment of the account therein within the meaning of Subdivision 5 of Art. 1995, V.A.C.S. Defendants' plea of privilege was overruled.

The substance of appellee's testimony was that he began shipping lumber to Pallets in February, 1958, and subsequently, at a time when he apparently became dubious of Pallets' credit, R. E. Chambers assured him that "he would personally assume the responsibility to see that all lumber shipped to Pallets would be paid * * *." Thereafter subsequent shipments of lumber to Pallets were ordered by Mr. Chambers via telephone, specifying the quality and quantity of lumber desired with promise to pay in Livingston, Texas. Several truck loads of lumber were thereafter delivered to Pallets, receipt of which was evidenced by load tickets specifying the quality and quantity. These load tickets, signed by Pallets, did not specify the place of payment therefor. Within a period of two or three days subsequent to the date of the receipt of the load, or loads, appellee would mail his invoice for the same to Pallets in Hous-

ton, Texas, after which Pallets, having made correction of errors thereon, if any, would return the same accompanied by its check in payment therefor to appellee's address in Livingston, Texas.

By reference to his petition, appellee's controverting affidavit set out copies of ten separate invoices, each of which reflected the total price of the lumber listed thereon. Testifying as president of Pallets, Inc., appellant R. E. Chambers, admitted receiving eight copies of the aforesaid ten invoices from appellee. In point of time they were the last eight invoices evidencing the account sued upon. Having them then in his possession Mr. Chambers permitted appellee to introduce them in the record before us. Each reflects the signature of appellee. Upon the face of each, plainly discernible, are the printed statements: "All Accounts payable at Livingston, Texas * * *." "We have received the above material as listed. Any exception should be shown on reverse side hereof." These invoices, on their faces, provided for a ten day discount of 2% and, also upon their faces, they reflect that appellant Pallets accepted such discount in computing the correctness of such invoices. Of the total amount of $7,876.85, the record reflects that Pallets paid substantially all of $4,799.27 on it to appellee in the manner testified by appellee hereinabove. Such payments were made August 26, 1958 through October 8, 1958 in sums of $1,000, $500, $1,000, $1,500, $799.27, respectively, thus the balance of $3,077.58.

■ We are of the opinion that the foregoing facts and testimony, and the inference to be drawn therefrom, justify the trial court's actions in overruling appellant Pallets plea of privilege. It appears to us that appellee's continuous policy of mailing the invoices to Pallets, soon after each telephone conversation with its President, R. E. Chambers, amounted to a written confirmation of the parties' agreements therein, and we conclude that all the circumstances hereinabove related establish that Pallets acquiesced in the terms thereof in such manner as to adopt the same as its own written confirmation of the prior oral conversation with appellee, thus satisfying the requirements of Section 5 of Art. 1995, supra. Vol. I McDonald's Texas Civil Practice, Cumulative Supplement, Pg. 101, n. 13.5 and cases there cited. The trial court's action in overruling the plea of privilege of appellant Pallets, Inc., is therefore affirmed.

Insofar as appellants, R. E. Chambers and Chambers Construction Company, are concerned appellee failed to establish any agreement on their part, oral or written, to perform any act in Polk County, Texas or elsewhere. The only evidence in such connection being this testimony of appellee; "Mr. Chambers * * * verified the fact that they were buying lumber from me and were behind in making payments at that time, and personally told me that he would personally assume the responsibility to see that any and all lumber shipped to Pallets, Incorporated, would be paid, and sanction that I have a credit rating run on his person, his Chambers Construction Company, and Pallets or all three." Appellants R. E. Chambers and Chambers Construction Company not being necessary parties to the lawsuit, the action of the trial court overruling their pleas of privilege to be sued in Harris County is therefore reversed and the cause ordered transferred to Harris County as to them.

■ Appellants having perfected their appeal jointly, no costs have been incurred greater than that which would have accrued had appellant Pallets, Inc., alone appealed. All costs of this appeal therefore are ordered taxed against appellant Pallets, Inc.

Affirmed in part, reversed in part.

McNEILL, J., not sitting.