**S. F. HURLBUT, Appellant,**

v.

**L. B. LYONS, d/b/a Big State Tool Co., Appellee.**

**No. 5759.**

Court of Civil Appeals of Texas.

El Paso.

July 6, 1966.

Rehearing Denied Aug. 3, 1966.

Fischer, Wood, Burney & Nesbitt and James P. Ryan, Corpus Christi, for appellant.

Deaderick, McMahon & McKim and Robert B. Cox, Odessa, for appellee.

## OPINION

FRASER, Chief Justice.

This is an appeal from the District Court of Ector County, Texas, wherein the court overruled the plea of privilege presented by defendant, who is appellant in this appeal. This appellee, who was plaintiff in the trial court, set forth in his petition that he is a resident of Odessa, Ector County, Texas, and defendant is a resident of Corpus Christi, Nueces County, Texas. Plaintiff further alleged in said petition that the defendant, acting through his agent or agents, accepted for use certain oil field rental tools and equipment in accordance with a previous verbal order or request; that such equipment and tools were to be furnished by plaintiff; and that such were furnished and used by defendant, but said defendant had not paid for such rental and use. Defendant filed his plea of privilege alleging that there did not exist a proper written contract making Odessa, Ector County, Texas, the place of payment. It appears that some seven documents described as "delivery tickets" were issued by the plaintiff and at later dates, written invoices were issued by plaintiff and received by defendant. The record shows that the delivery tickets were signed by both parties, but did not specify a place of payment. The invoices, although received by the defendant-appellant, were not signed, but did specify Odessa, Ector County, Texas, as the place of payment.

Appellant maintains that because the delivery tickets did not specify any place of payment, no exception to the venue statutes existed, and further that appellee's controverting affidavit was incomplete, improper and should have been stricken as being legally insufficient to authorize the introduction of evidence appertaining thereto and to justify the suit being maintained out of and away from defendant's county of residence and/or business. The trial court overruled the defendant's plea of privilege and he has perfected his appeal to this court. We affirm the action of the trial court.

We do not find error in the trial court's action in overruling defendant's motion to strike the controverting plea. We will not discuss this point further, as this motion seems to refer to the position taken by defendant on the merits of the motion, which we will discuss later. In short, the motion to strike seems to depend mainly on defendant's contention that there was no contract specifying place of payment at Odessa, Ector County. Defendant further contends that the plaintiff's controverting plea is not properly verified, but we cannot sustain this contention. Appellant's first point is therefore overruled.

Appellant's second and third points argue that because the invoices were not signed by anyone, the specifications contained therein that Odessa, Ector County, was to be the place of payment were meaningless and had no legal effect. We do not believe this position can be maintained as the record shows that as the equipment was delivered, a delivery ticket was issued, there being seven in all, each issued at different times. Then later the unsigned invoices were mailed to the appellant. Now it is true that no place of performance is provided in the signed delivery tickets. It can only be found in the unsigned invoices; but, as this record reveals, the delivery tickets seems to be a bookkeeping matter to show the place and time of receipt of the leased machinery or equipment. The invoices, of course, could not be issued until it had been determined by appellee, who was leasing the machinery to appellant, what the charges would be, depending, or course, on the time and nature of the use, and presumably on the condition of the returned equipment. Such invoices, as stated above, were forwarded to appellant. Although these invoices were not signed, we believe that they were an integral part of the transaction, and this for several reasons. First, they related to and followed the delivery tickets and set forth the amount appellee maintained that appellant owed for the use of this equipment. The delivery tickets by themselves merely set forth that the equipment was delivered. The invoices set forth the charges and as such, we believe were legally inseparable from and inter-dependent on the delivery tickets. Therefore, although the invoices were not signed, they were a part of the transaction, and when issued to and received and accepted by the appellant, became merged with the signed delivery tickets. Plaintiff-appellee, in his original petition, after describing the arrangement and mentioning the delivery tickets and the amount due, says in paragraph 3 as follows:

"That each of said agreements between Plaintiff and Defendant are additionally evidenced and confirmed by written invoices issued by Plaintiff and received, acknowledged and ratified by Defendant, such invoices being attached hereto as Exhibit 'B' and incorporated herein for all purposes as if set out in full."

In his Findings of Fact and Conclusions of Law the trial court finds and holds as a matter of law that the contracts between the plaintiff and defendant were only partially created by the verbal orders given by defendant and the execution by both parties of the delivery tickets; that the contracts between the parties were each incomplete prior to receipt by defendant of the invoices corresponding to each particular delivery ticket; that each completed contract between the parties consisted of a delivery ticket as confirmed by the particular invoice pertinent thereto by reason of its date and the tools, equipment and services described thereon. We believe that the trial court was correct in such holdings. Drexler v. Bryan Bldg. Products Co., 374 S.W.2d 806 (Tex.Civ.App.); Harrison v. Facade, Inc., 355 S.W.2d 543 (Tex.Civ.App.); Dowdell v. Ginsberg, 244 S.W.2d 265 (Ft. Worth Civ.App., 1951, n. w. h.).

Appellant's Points 4 and 5 relate to the merits of the controversy, in that they claim that the trial court erred in holding that there existed a contract between the parties payable in Ector County. These points must also be overruled for the reasons set forth above and for the reasons set forth hereinafter. The trial court found, and we believe correctly, that the defendants assented to, acquiesced in and ratified each and all of the unsigned invoices involved and the terms and provisions contained therein. The record shows that the various invoices were mailed by appellee to appellant over a period of many months, and that no objections were made during that time to the form or contents of said invoices; that in July of 1963, some eight months after the last invoice was mailed, appellee went to see appellant in Corpus Christi and went over each invoice

in detail with appellant. -In the Statement of Facts there is testimony by Mr. Lyons, appellee, that in his conversation with Mr. Hurlbut, appellant, Mr. Hurlbut admitted that he owed for the invoices, and that Mr. Lyons and Mr. Hurlbut went over each invoice, item by item. This testimony does not seem to have been objected to. Then, several months later (November 21, 1963), the following letter was sent by Mr. Hurlbut to Mr. Lyons, said letter being designated as Plaintiff's Exhibit 15:

"Mr. L. B. Lyons
Big State Tool Co.
P. O. Box 2024
Odessa, Texas
Dear Mr. Lyons:
I have appreciated your patience in regard to our account, and you are going to get your money. However, it seems every attempt I have made has been to no avail, but I am sure going to do my best to have it before the first of the year.
With kind personal regards, I remain
Yours very truly,
/s/ S. F. Hurlbut"

It is not contended that this letter applies to any other acount than the one involved here, and so we feel that the trial court was correct in his conclusion of law to the effect that appellant had ratified, acquiesced in and assented to the invoices and their contents. In view of the fact that the invoices were a part of the transaction involving the delivery tickets, and we think an inseparable part, the discussion and ratification of these invoices is further evidence that appellant had consented to the provisions contained therein making them payable at Odessa, Ector County, Texas.

Summing up, the transaction presents the following picture: Appellant made arrangements with appellee to rent certain equipment. Various delivery tickets were received from time to time. After the use of the equipment had terminated, invoices were then forwarded to appellant indicating the amount owing for the aforesaid transaction or rental. Although the delivery tickets did not provide a place of payment, the invoices did, and as we have set forth above the delivery tickets and invoices were merged as inseparable parts of the transaction, and although the invoices were not signed, they were accepted and ratified and thereby given full legality by the appellant. Pallets, Inc. v. Stephens, 345 S.W.2d 783 (Civ.App., n. w. h. ); Harrison v. Facade, Inc., 355 S.W.2d 543; Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234; M. L. Witter Mfg. Corp. v. Kinetrol Company, 342 S.W. 2d 809.

■■■ Appellee further urges that appellant never put any venue fact in issue because the appellee filed a verified petition which he contends contained the written contracts and which were not denied under oath. We believe this counter point of appellee has merit and must be sustained. The trial court found that defendant did not deny under oath that he entered into the written contracts as alleged in plaintiff's verified original petition. He then found, as a conclusion of law, that the plea of privilege should be overruled because defendant did not make any verified denial to the allegations of the written contract contained in plaintiff's verified original petition, and further that such petition is prima facie evidence of the venue facts contained therein. We believe the trial court was correct in so holding. In a case decided by our Supreme Court, to-wit, Ladner v. Reliance Corp. (Tex.Civ.App.), 156 Tex. 158, 293 S.W.2d 758, the Court stated as follows:

"There are some situations in which the plaintiff is not required to prove all of his essential venue facts by independent evidence. Under our statutes and rules certain facts will be taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in such plea. See Rules 86 and 93, Texas Rules of Civil Procedure. When a venue fact

is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same." Bailey v. A.R.A. Manufacturing Company, 285 S.W.2d 849 (Tex.Civ.App.); Renaud v. Simmons, 254 S.W.2d 418 (Tex.Civ.App.); M. L. Witter Mfg. Corp. v. Kintrol Company, 342 S.W.2d 809 (Tex.Civ.App.); Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234; Rules 93(h) and 86, Texas Rules of Civil Procedure.

Appellant's points are all accordingly overruled and the decision of the trial court affirmed.