**Dan NELSON, Individually and dba Nelson Drilling, Appellant,**

v.

**RETCO MANUFACTURING, INC., Appellee.**

No. 8340.

Court of Civil Appeals of Texas, Amarillo.

Feb. 20, 1973.

Burkett & Ross, Jimmy L. Ross, Dimmitt, for appellant.

John E. Vickers, Lubbock, for appellee.

REYNOLDS, Justice.

In this venue contest, the trial court overruled the plea of privilege. The determinative inquiry is whether, and we hold that, the sale-purchase invoices fixing the place of payment were an integral part of the sale-purchase agreement. Affirmed.

Appellant Dan Nelson, a resident of Dimmitt, in Castro County, is engaged in irrigation repairs under the business name of Nelson Drilling. For several years past he has ordered by telephone items for irrigation repairs from appellee RETCO Manufacturing, Inc., a corporation domiciled in Lubbock, in Lubbock County. The ordered items, accompanied by RETCO's invoice specifying that payment was payable at RETCO's " . . . office in Lubbock County, Texas" were either picked up in Lubbock by Nelson's employees or shipped to Nelson at Dimmitt. RETCO filed this suit in Lubbock County to recover $20,370.69 allegedly due as the balance on approximately 92 sales totaling

$106,770.50 made to Nelson from January 11, 1971, through January 25, 1972. Nelson filed his plea of privilege seeking to have the cause transferred to Castro County. RETCO controverted the plea, endeavoring to maintain venue in Lubbock County under the provisions of Vernon's Ann.Civ.St. art. 1995, subdivision 5, on the theory that the invoices contractually fixed Lubbock County as the place where Nelson was to make payment.

The parties acknowledge that venue may be maintained in Lubbock County under subdivision 5 if RETCO proved by a preponderance of the competent evidence that the admissible written invoices specifying Lubbock County as the place of Nelson's payment performance are a part of the consummated contract; otherwise, if the sale-purchase agreement was completed prior to the issuance of the invoices, the agreement may not be altered by the terms of the invoices to deprive Nelson of his right to be sued in his residential county of Castro. See Barnwell v. Fox & Jacobs Construction Company, 469 S.W.2d 199 (Tex.Civ.App.—Dallas 1971, no writ). At the venue hearing it was, and on this appeal is, Nelson's position that an oral agreement was completed over the telephone on each order before the issuance of an invoice, and there was no agreement as to place of payment. Conversely, RETCO's posture was and is that the agreement was not complete until the merchandise was delivered with a copy of the invoice reciting, inter alia, Lubbock County as the place of Nelson's payment performance.

The evidence showed that Nelson would telephone his orders from Dimmitt to RETCO in Lubbock, at which time it would be determined that one of Nelson's employees would pick up the merchandise at RETCO's place of business or that the merchandise would be shipped to Dimmitt. A yellow copy of the invoice, sometimes but not usually showing the price charged, accompanied the ordered items. Three days to a week later RETCO mailed Nelson the green copy of the invoice reflecting the price charged. At the end of the month RETCO sent Nelson the pink copies of the invoices issued that month attached to a statement showing the balance of the account. The invoices, in substantially the same form during the course of dealings between the parties, contained the heading information that "Per your order, we have sold to you subject to the terms of this agreement the following goods at the prices quoted; . . ." and provided, inter alia, that a 5% discount would be allowed on amounts paid by a date entered thereon, a 1% per month service charge would be made on all amounts past due, and that the net prices listed were due and payable at RETCO's ". . . office in Lubbock County, Texas" on a due date entered on the invoice. The invoices forming the basis of the account, none of which are shown to be signed by Nelson or his employees, were admitted in evidence without objection. The trial court admitted in evidence, over Nelson's objections, some twenty-two invoices extraneous to those on which the suit was founded; these invoices were dated, with four exceptions, prior to the time of the account in question and all but eight purportedly were signed by Nelson's employees, and were admitted as matters pertinent to custom, usage and course of business dealings between the parties.

Nelson testified that he had been doing business with RETCO since 1965. As "an every day affair" Nelson said he ordered the repair items by telephone from RETCO, using a catalogue furnished him by RETCO showing the item, its number and the price to him, and ascertained the delivery date and whether the items would be picked up in Lubbock, which was done on most occasions, or shipped to him at Dimmitt. At the time of his order, so Nelson testified, he knew the price he would be paying because the catalogue showed the price "(o)n most items, . . . ." The catalogue referred to was utilized during the time testimony was given, but it was not introduced in evidence; however, the

testimony is that while the catalogue specified the date payment was due and that a 1% per month service charge was made on all amounts past due, no place of payment was mentioned therein, and there is no testimony that the catalogue made reference to the 5% discount. Nelson stated that nothing was ever said about the place where he was to make payment and that his check was mailed to Lubbock unless RETCO's representative picked it up at Nelson's place of business. It was Nelson's testimony that he never requested a confirmation of the sale by invoice. He admitted receipt of the invoices, and said he expected to receive the discount allowed. If the invoice price was not in agreement with the catalogue price, Nelson stated he promptly called the disagreement to RETCO's attention; and, when asked if the mistakes were corrected upon request, Nelson replied, "I think so." The president of RETCO testified that Nelson had placed orders without reference to the catalogue, and that the catalogue was furnished to Nelson for the purpose "(i)f he wants to use a price for quoting a customer, that's what he uses it for." When asked the purpose of the invoice, the president stated that it was for the collection of money for goods delivered, and that the money was due at the time the invoice was prepared.

The trial court, following the hearing of the venue evidence without the intervention of a jury, adjudged venue to be in Lubbock County, and entered its order overruling Nelson's plea of privilege. Nelson has appealed on three points of error.

■ Points of error two and three are that the trial court erred in admitting in evidence the invoices objected to because they were not specifically pleaded and were not executed by Nelson or by anyone with authority. RETCO pleaded that during the business relationship Nelson's employees receipted for the goods received and took invoices. Nelson did not deny by verified pleading the authority of his employees to sign invoices, and testified that

he was sure his employees, in picking up the goods from RETCO, signed invoices ". . . part of the time." The invoices objected to were admitted as matters pertinent to the business relationship between the parties; therefore, their admissibility was not subject to the objections made. Vaquero Drilling Company v. Adcock, 453 S.W.2d 908 (Tex.Civ.App.—San Antonio 1970, no writ). Points two and three are overruled.

■ Nelson's first point of error is that the evidence conclusively shows that there was a complete oral contract before the invoices were assembled. The trial court was not requested to, and did not, make and file findings of fact and conclusions of law; consequently, the challenged validity of the court's order must be tested under the presumption that every disputed fact issue was found in support of that order. Construction and General Labor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950). In overruling the plea of privilege, the trial court impliedly found that the invoices, specifying Lubbock County as the place of payment, were an integral part of the complete agreement between the parties. The inquiry then is whether the evidence is sufficient to support that finding. The appellate test of the evidence to sustain an order establishing venue is the same as in any other case; if the record evidence, although conflicting, is of sufficient probative force to support the court's order, the order should not be disturbed on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

■ Although the evidence was conflicting, it was of sufficient probative force to support the determination of interdependence between the telephoned orders and the invoices. Preponderating in favor of the court's decision that the invoices were a part of the consummated agreement between the parties is the evidence of RETCO's continuous policy of submitting invoices to Nelson for a number of years, Nelson's checking the invoice price listing

and seeking adjustment of any difference, the discount allowed to and taken by Nelson that appeared only on the invoices, and Nelson's checks not picked up at his place of business being mailed to the designated place of payment in Lubbock County. Similar circumstances resulted in a holding that invoices amounted to a written confirmation of the agreement of the parties in Pallets, Inc. v. Stephens, 345 S.W.2d 783 (Tex.Civ.App.—Beaumont 1961, no writ). On balance, the evidence to support the trial court's order overruling Nelson's plea of privilege is of sufficient probative force so that the order should not be disturbed on this appeal. The first point of error is overruled.

The order of the trial court is affirmed.