James R. JENKINS, Appellant,

v.

R. Q. SILVERTHORNE, Appellee.

No. 8445.

Court of Civil Appeals of Texas, Amarillo.

May 20, 1974.

Fields, Fields, & Hardee (Jack Y. Hardee), Athens, for appellant.

LaFont, Tunnell, Formby, LaFont & Hamilton (Marvin F. Marshall), Plainview, for appellee.

ROBINSON, Justice.

This appeal is from an order overruling a plea of privilege. No findings of fact and conclusions of law were filed. In support of the trial court's order, appellee contends that unsigned statements sent to insured after issuance of insurance binders and policies and providing for payment of premiums in Hale County, Texas, were part of an otherwise oral contract so as to maintain venue in Hale County, Texas, pursuant to Articule 1995, subdivision 5, Vernon's Ann.Civ.St. Reversed and rendered.

Craig Silverthorne, an employee of appellee, R. Q. Silverthorne, testified that in May, 1971, appellant Jenkins instructed him to insure property that Jenkins had just acquired. Silverthorne testified that they orally agreed that he was to send a statement for the premium and orally agreed that the account was to be paid at Silverthorne's office in Plainview, Hale County, Texas. The rates for the coverage were set by the State of Texas. He determined that the rates had not yet been published and so informed Jenkins. He issued six successive 30-day binders covering the property until December 11, 1971, when he was notified what the binder charge would be and at that time he issued a permanent policy. He then, for the first time, sent a bill for the insurance premiums. This bill was prepared on a printed form, which contained the words "All accounts are payable in Plainview, Hale County, Texas," and mailed in the normal course of his business operations the first of the following month. Thereafter, Silverthorne sent statements for the insurance monthly.

Appellant denies the receipt of any binder or insurance policy after the initial 30-day binder, denies receipt of the monthly statements, and denies any oral agreement to pay for the insurance in Hale County, Texas.

Since no findings of fact were filed by the trial court, the assumption will be made that the trial court found every disputed fact in such a way as to support the judgment rendered. Construction and General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950).

Subdivision 5 of the venue statute provides that, "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." Even when the contract is otherwise oral, if a seller of goods furnishes the buyer with a written invoice stipulating the place of payment, which invoice is actually a part of the agreement between the parties, there is a contract in writing by which the buyer

agrees to pay for the goods at the place stipulated therein. Nelson v. Retco Manufacturing, Inc., 491 S.W.2d 492 (Tex.Civ. App.—Amarillo 1973, no writ). However, where all the terms of the contract have been agreed upon and the contract is complete, the seller cannot unilaterally fix the place of payment by subsequently sending the buyer an invoice providing for the payment in a specified county. Barnwell v. Fox & Jacobs Construction Company, 469 S.W.2d 199 (Tex.Civ.App.—Dallas 1971, no writ); Knapp Corporation v. Lofland Company, 466 S.W.2d 847 (Tex.Civ.App. —Dallas 1971, no writ).

■ We have examined the record in the case before us in the light most favorable to the order of the trial court and conclude that the oral agreement to sell and buy insurance was complete before the statement was sent. The price to be paid for the coverage was not subject to further negotiations between the parties, but was fixed by the rate published by a State regulatory agency. Further, appellee Silverthorne furnished appellant insurance under the oral agreement for six months before billing appellant. The oral contract being complete, the subsequent written statement could not be a part of the contract so as to constitute a contract in writing performable in Hale County, Texas. We conclude that appellee has failed to sustain his burden of proving the necessary venue facts under subdivision 5.

Appellee does not contend, and we do not find, that venue can be maintained in Hale County under any other exception to the venue statute. Since our holding on the foregoing point requires a reversal of the cause, we do not reach appellant's other points of error. At the venue hearing, the evidence on the point in question was fully developed; therefore, the judgment of the trial court is reversed and judgment is rendered sustaining defendant's plea of privilege and ordering the cause transferred to a district court in Henderson County. Rule 89, Texas Rules of Civil Procedure.