**DUVAL COUNTY RANCH COMPANY,**
Appellant,

v.

**ALAMO LUMBER COMPANY, Appellee.**

No. 15341.

Court of Civil Appeals of Texas,
San Antonio.

Oct. 23, 1974.

Rehearing Denied Nov. 27, 1974.

Bates, Hendrix & Marsh, Edinburg, for appellant.

Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellee.

KLINGEMAN, Justice.

A venue action involving Subdivision 5, Article 1995, Vernon's Tex.Rev.Civ.Stat. Ann. (1964). Plaintiff, Alamo Lumber Company, brought suit in Bexar County, Texas, to recover the unpaid balance of an indebtedness allegedly owed plaintiff by defendant, Duval County Ranch Company, for goods and services supplied by plaintiff in the construction of improvements on defendant's ranch located in Duval County. Defendant filed a plea of privilege to be sued in Duval County, its place of residence. Plaintiff filed a controverting plea asserting that venue was proper in Bexar County under Subdivision 5, Article 1995.[1] After a non-jury trial, the trial court overruled the plea of privilege.

Defendant's single point of error is that the trial court erred in ruling that the contract came within the provisions of Article 1995, Subdivision 5. Defendant contends (a) that there was no contract or agreement in writing but that the obligation sued upon is an oral contract[2] in which there was no agreement as to place of performance; (b) if the letter from plaintiff to defendant dated December 19, 1972, relied upon by plaintiff, is a contract or agreement in writing, such instrument does not designate a place of performance; (c) that in any event, there is no agreement, oral or in writing, by which it contracted to perform in Bexar County the particular obligation which is the basis of this suit.

Plaintiff concedes that neither the letter agreement nor the oral negotiations contain any provision whereby defendant agreed to perform an obligation in Bexar County, Texas. It seeks to maintain venue in Bexar County under certain invoices, relying on the series of cases holding that there a party proves that the written invoice itself is the consumated contract or an integral part thereof, that the statutory exception is applicable. Nelson v. Retco Manufacturing, Inc., 491 S.W.2d 492 (Tex.Civ.App.—Amarillo 1973, no writ); Hurlbut v. Lyons, 405 S.W.2d 398 (Tex. Civ.App.—El Paso 1966, writ dism'd); Harrison v. Facade, Inc., 355 S.W.2d 543 (Tex.Civ.App.—Dallas 1962, no writ); Dowdell v. Ginsberg, 244 S.W.2d 265

---

1. The applicable provision of Subdivision 5 is as follows: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

2. It is noteworthy that on August 3, 1973, more than eight months after the letter agreement of December 19, 1972, relied upon by plaintiff, plaintiff's president wrote to defendant in connection with the improvements on the defendant's ranch stating therein: "You know, of course, that there is no contract between Duval County Ranch Company and Alamo Lumber Company."

(Tex.Civ.App.—Fort Worth 1951, no writ).

It is fundamental that in order to maintain venue in Bexar County under Subdivision 5, plaintiff was required to establish by a preponderance of the evidence that defendant contracted in writing to perform in Bexar County the particular obligations which is the basis of this suit. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Employers National Insurance Company v. Harkness, 497 S.W.2d 645 (Tex.Civ.App.—El Paso), writ ref'd n.r.e. 502 S.W.2d 670 (Tex. 1973); K. T. Lease Service v. Alamo Welding and Boiler Works, Inc., 431 S.W. 2d 58 (Tex.Civ.App.—San Antonio 1968, no writ); Bryan v. Williams, 408 S.W.2d 798 (Tex.Civ.App.—San Antonio 1966, no writ); Williams v. Blalack, 349 S.W.2d 274 (Tex.Civ.App.—San Antonio 1961, no writ); 1 McDonald, Texas Civil Practice, Section 4.11.5 (1965).

■ It is settled that under Subdivision 5, venue cannot be fixed by implication where the contract does not expressly name the county of performance. Employers National Insurance Company v. Harkness, supra; Martin v. Allen, 494 S.W.2d 585 (Tex.Civ.App.—San Antonio 1973, no writ). In Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948), the Supreme Court considered the effect of the 1935 amendment to Subdivision 5 and held: "The intention of the Legislature in adding this amendment is obvious. Under [Subdivision] 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication."

It appears from the record that prior to December 19, 1972, plaintiff and defendant, through their agents or representatives, entered into negotiations for the construction of certain buildings and other improvements on defendant's property located in Duval County, Texas. On December 19, 1972, plaintiff's president sent a letter to defendant, which letter will hereinafter be referred to as the letter agreement.[3] Such letter is addressed to the Duval County Ranch Company at Freer, Texas, and states that the purpose of such letter is to confirm a telephone conversation that was held between Mr. Powell, plaintiff's president, and defendant's representatives. It further states that plaintiff will supply all necessary material, labor and services for contemplated construction on defendant's property near Freer, in accordance

3. Such letter provides as follows:
"Duval County Ranch Company
P. O. Drawer 570
Freer, Texas 78375
Gentlemen:
The purpose of this letter is to confirm my telephone conversation with Messrs. Orville Dennis and Clarence Martens this afternoon. We will supply all necessary materials, labor, equipment and services to complete contemplated construction on your property some ten miles southwest of Freer in accordance with instructions of your officers, agents and representatives, including but not necessarily limited to Mrs. Clinton Manges, on the following cost-plus terms and conditions:
(1) Materials out of stock, except concrete, which will be invoiced at published prices, will be invoiced at contractors' price, which is 10% off our regular retail selling price. Materials which can be delivered in truckload quantities directly to jobsite by supplier's trucks will be invoiced at our exact cost.
(2) All labor, equipment rentals and service will be invoiced at our cost plus 17.5% on payroll for insurance and taxes. If you buy your own Builder's Risk Insurance, and we hope that you will, we will add only 17.35% to payrolls for insurance and taxes.
(3) To all the above we will add 10% for overhead and profit.
On or about the 15th day of each month we will render to you a detailed statement showing the total costs as itemized above, and you will make payment therefor on or before the 25th day of each month.
Very truly yours,
E. L. Powell"

with instructions from defendant's agents or representatives, on a cost-plus basis therein set forth. The letter then provides that on or about the 15th day of each month plaintiff will render a detailed statement showing total costs in accordance with such letter agreement, and that defendant will thereafter make payments on or before the 25th day of each month. This letter agreement contains no provision whatsoever as to where the contract is performable.

Thereafter construction was begun and bills sent by plaintiff to defendant on or about the 15th of each month. All bills and invoices were mailed or sent from plaintiff's Alice office to defendant in Duval County, Texas. There are attached to each monthly statement copies of a number of invoices or delivery tickets. Such invoices contain a printed notation thereon "TERMS: Net 30 Days. Payable in San Antonio, Texas." The monthly statements or bills list the actual charges made by plaintiff and the basis of such charges, listing the material delivered and services performed. There is no provision in such monthly statements as to place of payment or place of performance.

Defendant made payments on the first five statements sent to it, which payments were made to plaintiff's office in Alice, Texas. There were introduced into evidence the five checks evidencing such payments and all checks contain an endorsement of the Alamo Lumber Company, P. O. Drawer 1210, Alice, Texas. After these payments were made, defendant refused to make any further payments until construction was completed and an audit performed. The balance allegedly due plaintiff by defendant is the subject of this suit.

It is undisputed that all work was performed in Duval County, Texas, and that all bills and invoices were sent from the Alice office of plaintiff and that all payments were made to the Alice office of plaintiff either by mailing to such office or by delivery to plaintiff's representative in Duval County, Texas. It is further undisputed that no agents, employers, officers or representatives of defendant either signed or acknowledged the invoices involved.[4] It is also undisputed that neither the letter agreement of December 19, 1972, nor the monthly statements which contain the actual charges made, contain any provision as to the place of payment or performance. It is also undisputed that all invoices relied upon by plaintiff are subsequent to the letter agreement of December 19, 1972, and that the invoices are not the amount of the bills or charges.

█ Plaintiff relies on the invoices to fix venue in Bexar County, Texas. We do not regard such invoices as the real obligation sued upon. Such invoices are not the amount of the bills or charges, and are more in the nature of delivery tickets showing the material delivered and the services performed. The actual bills are contained in the monthly billing statements which are separate writings from the invoices, and these bills show the actual charges made and the basis of computing such charges. Such monthly bills nowhere provide for a place of performance. We consider the letter agreement of December 19, 1972, as the real obligation sued upon. It summarizes and sets forth in writing the terms and provisions of the agreement and constituted a completed contract between the parties and is the contract sued upon. Such letter agreement contains no provi-

4. Plaintiff correctly asserts that it is not necessary in order to constitute a contract in writing that the agreement must be signed by both parties; that one may sign and one accept by his acts, conduct or acquiesance in the terms of the agreement. Trans-South Hydrocarbons Company v. Trinity Industries, Inc., 419 S.W.2d 662 (Tex.Civ.App.— Dallas 1967, no writ); Bruner v. Hidalgo County Water C & I, 371 S.W.2d 932 (Tex. Civ.App.—San Antonio 1963, writ dism'd); Harrison v. Facade, Inc., supra; Dodwell v. Ginsberg, supra; Vinson v. Horton, 207 S. W.2d 432 (Tex.Civ.App.—Texarkana 1947, no writ).

sion as to the place of performance and there is nothing in such letter agreement wherein defendant agrees to perform an obligation in Bexar County, Texas.

The contract relied upon for venue purposes must be proved and must be the real obligation relied on to form the basis of the cause of action. Thompson v. Republic Acceptance Corp., 388 S.W.2d 404 (Tex. 1965); Trans-South Hydrocarbons Company v. Trinity Industries, Inc., supra; Pinkston-Hollar, Inc. v. Big Three Welding Supply Company, 378 S.W.2d 715 (Tex. Civ.App.—Fort Worth 1964, no writ); Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550 (Tex.Civ.App.—Corpus Christi 1964, no writ).

A completed contract, which does not include provisions establishing a place of performance, may not be enlarged or altered to include these venue provisions by a later invoice, especially one shown to be nothing more than a delivery receipt. Jenkins v. Silverthorne, 510 S.W.2d 171 (Tex.Civ.App.—Amarillo 1974, no writ); Barnwell v. Fox & Jacobs Construction Company, 469 S.W.2d 199 (Tex.Civ.App. —Dallas 1971, no writ); Knapp Corp. v. Lofland Company, 466 S.W.2d 847 (Tex. Civ.App.—Dallas 1971, no writ); K. T. Lease Service v. Alamo Welding and Boiler Works, Inc., supra; Trans-South Hydrocarbons Company v. Trinity Industries, Inc., supra; Ferguson v. Sanders, 133 S. W.2d 806 (Tex.Civ.App.—Dallas 1939, no writ).

Plaintiff failed to established by a preponderance of the evidence that the suit is based upon an obligation contained in a written contract in which the defendant expressly agreed to perform an obligation in Bexar County, Texas. We conclude that plaintiff has failed to sustain its burden of proving the necessary venue facts under Subdivision 5. The judgment of the trial court is reversed and the cause is remanded with instructions to transfer the same to the District Court of Duval County, Texas.